T.C. Memo. 2002-27

UNITED STATES TAX COURT

GERALD H. KLAWONN, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 7836-01L.                    Filed January 25, 2002.

Gerald H. Klawonn, pro se.

<u>James R. Rich</u>, for respondent.

MEMORANDUM OPINION

COLVIN, <u>Judge</u>:  This lien and levy case arising under
section 6330(d) is before the Court on respondent's motion for
summary judgment.  The issue is whether it is appropriate to
decide by summary judgment that respondent's determination to

proceed with collection of petitioner's tax liabilities was not an abuse of discretion. For reasons stated below, we grant respondent's motion.

Except as otherwise noted, section references are to the Internal Revenue Code as amended, and Rule references are to the Tax Court Rules of Practice and Procedure.

## Background

Petitioner resided in Brevard, North Carolina, when he filed his petition.

A. The Lien and Levy Proceeding

On March 13, 2000, respondent issued to petitioner a Notice of Federal Tax Lien Filing and Notice of Your Right to a Hearing relating to the filing of a lien in Ohio. On June 27, 2000, respondent issued to petitioner a Notice of Federal Tax Lien Filing and Notice of Your Right to a Hearing relating to the filing of a lien in North Carolina. Petitioner timely requested a hearing under section 6320(b).

On January 5, 2001, respondent sent petitioner Individual Master File transcripts for tax years 1986, 1988, 1989, 1995, 1996, and 1998, which identified petitioner, the type of tax, the tax period, the dates of assessment, and the amounts of assessment.

B.    The Section 6320(b) Hearing and Respondent's Notice of
      Determination

On March 28, 2001, respondent's Appeals Office conducted a hearing under section 6320(b) in petitioner's case relating to assessments of his income tax liabilities for tax years 1986, 1988, 1989, 1995, 1996, and 1998.  Petitioner attended the hearing.  At the hearing, petitioner questioned whether an Assessment officer had signed the assessment documents for the years in issue.  The Appeals officer gave petitioner a copy of a Form 4340, Certificate of Assessments and Payments, for each of the years in issue.  Petitioner did not challenge the appropriateness of the intended method of collection.

On May 17, 2001, respondent sent petitioner a Notice of Determination Concerning Collection Action(s) Under Section 6320 and/or 6330 (the determination letter), in which respondent stated that collection from petitioner of his tax liability for tax years 1986, 1988, 1989, 1995, 1996, and 1998 would proceed. On June 20, 2001, petitioner filed a petition for lien or levy action under section 6320(c) or section 6330(d).

## Discussion

A.    Summary Judgment

We may grant summary judgment if there is no genuine issue of material fact and a decision may be rendered as a matter of law.  Rule 121(b); Sundstrand Corp. v. Commissioner, 98 T.C. 518, 520 (1992), affd. 17 F.3d 965 (7th Cir. 1994); Zaentz v.

Commissioner, 90 T.C. 753, 754 (1988).  The moving party bears the burden of proving that there is no genuine issue of material fact.  Dahlstrom v. Commissioner, 85 T.C. 812, 821 (1985); Jacklin v. Commissioner, 79 T.C. 340, 344 (1982).  No genuine issues of material fact preclude us from deciding this matter. Rule 121(b).  We conclude that respondent is entitled to summary judgment.

B.    Analysis

Petitioner does not challenge the existence or amount of his underlying tax liabilities for the years in issue.  Where the taxpayer's underlying tax liability is not at issue, we review the Commissioner's administrative determination for abuse of discretion.  Sego v. Commissioner, 114 T.C. 604, 610 (2000); Goza v. Commissioner, 114 T.C. 176, 181-182 (2000).

1.    Assessment Records

Petitioner contends that the Appeals officer who conducted the hearing failed to properly verify that the IRS met the requirements of any applicable law or administrative procedure as required by section 6330(c)(1), section 301.6320-1T(e)(1), Temporary Proced. & Admin. Regs., 64 Fed. Reg. 3402 (Jan. 22, 1999), and section 301.6330-1T(e)(1), Temporary Proced. & Admin. Regs., 64 Fed. Reg. 3411 (Jan. 22, 1999).  Specifically, petitioner argues that the Appeals officer improperly relied on a Form 4340 to verify that the taxes in question were assessed.

Petitioner further contends that respondent did not make a lawful assessment on a Form 23 C, Summary Record of Assessment, that was signed and dated by an assessment officer with duly delegated authority.  We disagree.

The Appeals officer properly used a Form 4340 to verify the assessments of the taxes in issue.  A Form 4340 is presumptive evidence that a tax has been validly assessed under section 6203. Nicklaus v. Commissioner, 117 T.C. 117, 121 (2001); Davis v. Commissioner, 115 T.C. 35, 40 (2000); see also Huff v. United States, 10 F.3d 1440, 1445 (9th Cir. 1993); Hefti v. IRS, 8 F.3d 1169, 1172 (7th Cir. 1993); Geiselman v. United States, 961 F.2d 1, 5-6 (1st Cir. 1992); United States v. Chila, 871 F.2d 1015, 1017-1018 (11th Cir. 1989).  Petitioner has not alleged any irregularity in the assessment procedure that would raise a question as to the validity of the assessment.  Even though petitioner asked the Appeals officer for a Form 23 C, it was not an abuse of discretion for the Appeals officer to use Forms 4340 for purposes of complying with section 6330(c)(1).  See Lunsford v. Commissioner, 117 T.C. No. 159 (2001); Nicklaus v. Commissioner, supra at 122 n.7; Davis v. Commissioner, supra at 41.

2.   Explanation of Appeals and Collection Process

Petitioner alleges that respondent did not provide him with an explanation of the appeals and collection process as required by section 3504 of the Internal Revenue Service (IRS)

Restructuring and Reform Act of 1998 (RRA 1998), Pub. L. 105-206, 112 Stat. 771, which requires the IRS to include in--

> any first letter of proposed deficiency which allows the taxpayer an opportunity for administrative review in the Internal Revenue Service Office of Appeals an explanation of the entire process from examination through collection with respect to such proposed deficiency, including the assistance available to the taxpayer from the National Taxpayer Advocate at various points in the process.

Petitioner received Notices of Federal Tax Lien and timely requested and received a section 6320(b) hearing. After he received respondent's Notice of Determination, he timely filed a petition for judicial review of respondent's determination. The essence of RRA 1998 section 3504 is to provide the taxpayer with notice of his or her rights throughout the appeals and collection process. Since petitioner knew of, and pursued, his right to administrative and judicial review under section 6320, the failure of the IRS to provide this information did not prejudice or harm petitioner in any way.

###### 3. Petitioner's Request for Documents

Petitioner contends that the Appeals officer did not provide him with documents before the hearing that he had requested and argues that this prevented him from presenting his case or effectively examining documents.

Petitioner requested a copy of the Form 23 C. Respondent sent him a copy of the record of assessment 2 months before the

hearing and gave him a copy of the Form 4340 at the hearing.  As stated above, it was not an abuse of discretion for the Appeals officer to rely on the Form 4340; thus, the Appeals officer did not abuse his discretion in providing petitioner a copy of the Form 4340 but not the Form 23 C.  See <u>Lunsford v. Commissioner</u>, <u>supra</u>; <u>Nicklaus v. Commissioner</u>, <u>supra</u>.  Petitioner has not stated which other documents he requested or indicated how he was prejudiced as a result of not receiving them.[1]

4.  <u>Conclusion</u>

As stated above, no genuine issues of material fact are in dispute.  The above discussion rejects all the grounds upon which petitioner relied in his petition and in his argument in response to respondent's motion for summary judgment.[2]  For the reasons

---

[1] Petitioner filed motions for continuance and to compel production of documents on January 17, 2002.  Petitioner's request for documents includes:  The substitute for return filed for petitioner by respondent, a copy of the Revenue Agent Report, the name, address, and telephone number of the person who prepared the substitute return, the statute and/or portion of the Internal Revenue Manual authorizing preparation of the substitute return and the delegation of authority to the person who prepared it, and a copy of Form 23 C.  The documents petitioner requested are not related to any genuine issues in dispute, and suggest that any further discovery would be for purposes of delay.  Accordingly, we denied petitioner's motions for continuance and to compel production of documents.

[2] At the Appeals hearing, petitioner also sought to raise the argument that his wife should be granted relief from liability as an innocent spouse under sec. 6015.  The Appeals officer did not consider that issue because Mrs. Klawonn had not requested a hearing.  Petitioner made no claim in his petition regarding that issue, and so we have not considered it further here.

stated above, we conclude that respondent's determination to proceed with collection of the tax liabilities assessed against petitioner was not an abuse of discretion.  Accordingly, we will grant respondent's motion for summary judgment.

An appropriate order and
decision will be entered.