

2005 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

7-21-2005

# Brunner v. Commissioner IRS

Precedential or Non-Precedential: Non-Precedential

Docket No. 04-4230

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2005

Recommended Citation

"Brunner v. Commissioner IRS" (2005). *2005 Decisions.* Paper 797.
http://digitalcommons.law.villanova.edu/thirdcircuit_2005/797

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2005 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

NO. 04-4230
_____

BRIAN TIMOTHY BRUNNER,

Appellant

v.

COMMISSIONER OF INTERNAL REVENUE

_____

On Appeal From the United States Tax Court
(U.S. TC No. 03-5133)
Tax Judge: Honorable Robert A. Wherry, Jr.
_____

Submitted Under Third Circuit LAR 34.1(a)
July 8, 2005

Before: ALITO, SMITH and COWEN, Circuit Judges

(Filed   July 21, 2005   )

_____

OPINION
_____

PER CURIAM

    Brian Timothy Brunner appeals pro se the decision of the United States Tax Court

in favor of the appellee, the Commissioner of Internal Revenue ("Commissioner").  We will affirm.

Brunner received over $63,000 in income in 1997, but did not file an income tax return.  Brunner did not respond to delinquency notices sent to him in 1999, requesting that he file a return for the 1997 tax year.  On December 30, 2002, the Commissioner issued a notice of deficiency determining that Brunner had a tax deficiency of $13,504.  The Commissioner also determined additions to tax.  Brunner petitioned the Tax Court for a redetermination of the deficiency and additions to tax asserting, inter alia, that the requirement that he file a tax return violates the Fourth, Fifth, Ninth, and Thirteenth Amendments, and exceeds Congress' authority under the Sixteenth Amendment.  The Tax Court rejected Brunner's arguments, sustained the deficiency amount determined by the Commissioner, and upheld the penalties for failure to file returns and to make estimated tax payments.  The Tax Court also imposed a $1,000 penalty.

Brunner does not dispute that he received the wages, interest, and distributions reflected in the notice of deficiency.  Nor does he contest the accuracy of the Commissioner's deficiency determinations, including calculations of additions to tax.  Rather, Brunner challenges the constitutionality of the tax filing requirement.  We agree with the Tax Court's evaluation of Brunner's arguments as frivolous, and no extended discussion is necessary.  See Crain v. Commissioner, 737 F.2d 1417, 1417-18 (5th Cir. 1984) (per curiam) (noting that there is "no need to refute these arguments with somber

2

reasoning and copious citation of precedent; to do so might suggest that these arguments have some colorable merit"). Under 26 U.S.C. § 6673(a)(1), the Tax Court may impose on the taxpayer a penalty not in excess of $25,000, where, as here, it appears that the taxpayer's position in a tax liability dispute is frivolous or groundless. We discern no abuse of discretion in the Tax Court's imposition of sanctions.

We have considered all of Brunner's arguments and conclude that they are without merit. Accordingly, we will affirm the judgment of the Tax Court. Appellees' motion for sanctions is denied.