T.C. Memo. 2005-196

UNITED STATES TAX COURT

KENNETH W. GUTHRIE, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 5061-04.                    Filed August 11, 2005.

Kenneth W. Guthrie, pro se.

<u>James E. Archie</u>, for respondent.

MEMORANDUM FINDINGS OF FACT AND OPINION

VASQUEZ, <u>Judge</u>:  Respondent determined the following
deficiencies in and additions to petitioner's Federal income
tax:[1]

---

[1]  Although the front pages of the notices of deficiency for
2000 and 2001 list sec. 6651(a)(1) additions to tax in the
amounts of $4,720.09 and $6,498.84 for 2000 and 2001,
respectively, and <u>no</u> sec. 6651(a)(2) additions to tax, the Forms
(continued...)

|      |            | Additions to Tax |                |               |
| Year | Deficiency | Sec. 6651(a)(1)  | Sec. 6651(a)(2) | Sec. 6654(a) |
| 2000 | $21,101.00 | $2,870.33        | $1,849.77       | $762.35      |
| 2001 | 21,652.00  | 4,716.90         | 1,781.94        | 856.83       |

All section references are to the applicable Internal Revenue Code (Code), and all Rule references are to the Tax Court Rules of Practice and Procedure.

After concessions,[2] the issues for decision are: (1) Whether wages, interest, and dividends received by petitioner and his wife are taxable income in 2000 and 2001, (2) whether petitioner is liable for the addition to tax pursuant to section

---

[1](...continued)
4549, Income Tax Examination Changes, attached to the notices of deficiency list sec. 6651(a)(1) additions to tax in the amounts of $2,870.33 and $4,716.90 for 2000 and 2001, respectively, and sec. 6651(a)(2) additions to tax in the amounts of $1,849.77 and $1,781.94 for 2000 and 2001, respectively. The last pages attached to the notices of deficiency, entitled "Explanation of the Delinquency Penalty", list a "failure to file penalty" in the amounts of $2,870.33 and $4,716.90 for 2000 and 2001, respectively, and a "failure to pay penalty" in the amounts of $1,849.77 and $1,781.94 for 2000 and 2001, respectively. Accordingly, we find that respondent determined additions to tax pursuant to sec. 6651(a)(1) in the amounts of $2,870.33 and $4,716.90, and not $4,720.09 and $6,498.84, for 2000 and 2001, respectively.

[2] Respondent conceded that (1) Texas community property laws are applicable to petitioner, (2) petitioner's income listed in the notice of deficiency must be reduced in accordance with Texas community property laws, (3) petitioner's filing status is married filing separately, (4) a stock sale of $4,741 in 2001 is not income to petitioner, (5) petitioner incurred net losses on his stock transactions for 2000 and 2001, (6) no additions to tax pursuant to sec. 6651(a)(2) are due from petitioner for 2000 and 2001, and (7) no addition to tax pursuant to sec. 6654(a) is due from petitioner for 2000.

6651(a)(1) for 2000 and 2001, (3) whether petitioner is liable for the addition to tax pursuant to section 6654(a) for 2001, and (4) whether to impose a penalty pursuant to section 6673.

## FINDINGS OF FACT

None of the facts have been stipulated with the exception that at trial petitioner stipulated at the time he filed his petition he resided in Lakewood Village, Texas.[3]

### I.  1998 and 1999

Petitioner and his wife, Laurie G. Guthrie, filed joint Federal income tax returns for 1998 and 1999.  On their 1998 return, petitioner and his wife reported, among other things, wages of $132,330, taxable interest of $655, ordinary dividends of $220, a loss from rental real estate of $8,398, adjusted gross income of $124,807, taxable income of $95,153, tax of $21,144, total tax of $20,938, Federal income tax withheld of $15,410, and an amount owed of $5,528.  Attached to their 1998 return were Forms W-2, Wage and Tax Statement, for petitioner and his wife from Electronic Data Systems (EDS) listing wages of $84,203.68 and $48,125.93 for petitioner and his wife, respectively. Petitioner and his wife signed their 1998 return on April 14, 1999.  On the 1998 return, petitioners stated it was "self-

---

[3]  The Court admonished petitioner that certain facts and documents should not be in issue, such as whether he filed returns and where he lived when he filed the petition. Petitioner, however, asserted a Fifth Amendment claim as the basis of his refusal to stipulate facts.

prepared", and petitioner's signature was on the line for preparer's signature.

On their 1999 return, submitted in "1040PC FORMAT", petitioner and his wife reported, among other things, wages (line 7) of $130,283, taxable interest (line 8A) of $477, ordinary dividends (line 9) of $256, total income (line 22) of $118,382, total tax (line 56) of $17,638, total payments (line 64) of $16,173, and an amount owed (line 68) of $1,465. Petitioner and his wife signed their 1999 return on April 16, 2000. On the 1999 return, petitioners stated it was "self-prepared", and petitioner's signature was next to the words "self-prepared". Attached to the 1999 return was a Form 1040-V, Payment Voucher, with $1,465 handwritten next to "amount of payment".

II.  2000 and 2001

During 2000 and 2001, petitioner and his wife were married to each other and lived together in Texas. Neither petitioner nor his wife filed Federal income tax returns for 2000 and 2001.

During 2000 and 2001, EDS paid petitioner wages in the amounts of $91,777.19 and $90,762.44, respectively, and paid petitioner's wife wages in the amounts of $45,878.70 and $1,093.05, respectively. During 2001, EDS withheld $688.27 in Federal income tax from petitioner's wages and $306.05 in Federal income tax from petitioner's wife's wages. Petitioner made no estimated tax payments for 2000 or 2001.

During 2000 and 2001, petitioner received ordinary dividends totaling $50 and $21, respectively.  During 2000 and 2001, petitioner received interest totaling $587 and $434, respectively.

Respondent mailed petitioner separate notices of deficiency determining deficiencies and additions to tax for 2000 and 2001.  Petitioner received these notices of deficiency.

OPINION

I.  The Deficiency

As a general rule, the taxpayer bears the burden of proving the Commissioner's deficiency determinations incorrect.  Rule 142(a); Welch v. Helvering, 290 U.S. 111, 115 (1933).  Section 7491(a), however, provides that if a taxpayer introduces credible evidence and meets certain other prerequisites, the Commissioner shall bear the burden of proof with respect to factual issues relating to the liability of the taxpayer for a tax imposed under subtitle A or B of the Code.  Additionally, section 6201(d) provides that if a taxpayer asserts a reasonable dispute with respect to any item of income reported on an information return filed with the Secretary by a third party and the taxpayer has fully cooperated with the Secretary, the Secretary shall have the burden of producing reasonable and probative information concerning such deficiency in addition to such information return.

At trial, petitioner conceded that the Forms W-2 from EDS for 2000 and 2001 and the exhibits listing the dividends and interest for 2000 and 2001 are accurate and that he was paid the wages listed in the Forms W-2 by EDS.  Petitioner, however, disputed that the aforementioned amounts are income. Accordingly, since petitioner does not dispute the facts, failed to introduce credible evidence, and has not asserted a reasonable dispute regarding the items listed on the information returns, sections 6201(d) and 7491(a) are inapplicable.  Parker v. Commissioner, 117 F.3d 785, 786 (5th Cir. 1997); Tanner v. Commissioner, 117 T.C. 237, 241 (2001), affd. 65 Fed. Appx. 508 (5th Cir. 2003).

At trial and on brief, petitioner advanced shopworn arguments regarding why the wages, interest, and dividends are not income.  His arguments are characteristic of tax-protester rhetoric that has been universally rejected by this and other courts.  See Wilcox v. Commissioner, 848 F.2d 1007 (9th Cir. 1988), affg. T.C. Memo 1987-225; Carter v. Commissioner, 784 F.2d 1006, 1009 (9th Cir. 1986).  We shall not painstakingly address petitioner's assertions "with somber reasoning and copious citation of precedent; to do so might suggest that these arguments have some colorable merit."  Crain v. Commissioner, 737 F.2d 1417, 1417 (5th Cir. 1984).

Accordingly, with the exception of the amounts conceded by respondent, we sustain respondent's deficiency determinations for 2000 and 2001.

## II. Additions to Tax

Section 7491(c) provides that the Commissioner will bear the burden of production with respect to the liability of any individual for additions to tax. "The Commissioner's burden of production under section 7491(c) is to produce evidence that it is appropriate to impose the relevant penalty, addition to tax, or additional amount." Swain v. Commissioner, 118 T.C. 358, 363 (2002); see also Higbee v. Commissioner, 116 T.C. 438, 446 (2001). If a taxpayer files a petition alleging some error in the determination of an addition to tax or penalty, the taxpayer's challenge will succeed unless the Commissioner produces evidence that the addition to tax or penalty is appropriate. Swain v. Commissioner, supra at 363-365. The Commissioner, however, does not have the obligation to introduce evidence regarding reasonable cause or substantial authority. Higbee v. Commissioner, supra at 446-447.

### A. Section 6651(a)(1)

Section 6651(a)(1) imposes an addition to tax for failure to file a return on the date prescribed (determined with regard to any extension of time for filing), unless the taxpayer can

establish that such failure is due to reasonable cause and not due to willful neglect.

Petitioner admitted that he did not file returns for 2000 and 2001. Individuals are required to file a Federal income tax return on or before April 15, following the close of the calendar year. Sec. 6072(a). Accordingly, respondent has met his burden of production on this issue.

Petitioner claimed he did not "believe" he was required to file returns. Petitioner claimed he "believed" that he did not owe the deficiencies or additions to tax for the years in issue. Petitioner's alleged basis for these claims was: (1) The filing of income tax returns is voluntary and not mandatory, (2) no part of the Code provides a requirement to file returns or pay income tax, (3) requiring individuals to file tax returns forces them to waive their Fifth Amendment rights, (4) the 16th Amendment was never legally ratified, and (5) petitioner sought the advice of alleged experts and purportedly relied on their advice for his beliefs.

Petitioner relies on his own testimony. The Court is not required to accept petitioner's unsubstantiated testimony. See Wood v. Commissioner, 338 F.2d 602, 605 (9th Cir. 1964), affg. 41 T.C. 593 (1964). The Court need not accept at face value a witness's testimony that is self-interested or otherwise questionable. See Archer v. Commissioner, 227 F.2d 270, 273 (5th

Cir. 1955), affg. a Memorandum Opinion of this Court; Weiss v. Commissioner, 221 F.2d 152, 156 (8th Cir. 1955), affg. T.C. Memo. 1954-51; Schroeder v. Commissioner, T.C. Memo. 1986-467. This is so even when the testimony is uncontroverted if it is improbable, unreasonable, or questionable. Archer v. Commissioner, supra; Weiss v. Commissioner, supra; see Quock Ting v. United States, 140 U.S. 417 (1891). We found petitioner's testimony to be conclusory and/or questionable in certain material respects. Under the circumstances presented here, we are not required to, and generally do not, rely on petitioner's testimony. See Lerch v. Commissioner, 877 F.2d 624, 631-632 (7th Cir. 1989), affg. T.C. Memo. 1987-295; Geiger v. Commissioner, 440 F.2d 688, 689-690 (9th Cir. 1971), affg. per curiam T.C. Memo. 1969-159; Tokarski v. Commissioner, 87 T.C. 74, 77 (1986).

We further note that petitioner did not call the "alleged experts" he allegedly relied upon as witnesses. We infer that their testimony would not have been favorable to petitioner or that no such experts exist. Wichita Terminal Elevator Co. v. Commissioner, 6 T.C. 1158, 1165 (1946), affd. 162 F.2d 513 (10th Cir. 1947).

As noted supra, petitioner advanced shopworn arguments characteristic of tax-protester rhetoric that has been universally rejected by this and other courts regarding why the wages, interest, and dividends are not income. Whatever "advice"

petitioner may have received, a minimal amount of research would have demonstrated the frivolousness of his arguments and that these arguments repeatedly have been rejected by the courts. See, e.g., Brunner v. Commissioner, T.C. Memo. 2004-187, affd. per curiam __ Fed. Appx. __ (3d Cir., July 21, 2005). Furthermore, petitioner admitted that the joint returns for the prior years 1998 and 1999 were accurate and correct. This admission conflicts with his alleged "beliefs" as to filing returns for 2000 and 2001.

At trial, the Court advised and admonished petitioner that the Court, the U.S. Court of Appeals for the Fifth Circuit, and the other U.S. Courts of Appeals previously and repeatedly had rejected the arguments espoused by petitioner and had ruled that his arguments were frivolous. Petitioner stated that he was aware that some of the arguments that he raised had been ruled on and rejected by the courts.

Having had the opportunity to observe petitioner, we find petitioner's claims that he did not "believe" he was required to file returns, that he did not owe the deficiencies or additions to tax, and that he relied on "experts" for the years in issue not credible. Petitioner's failure to file was not due to reasonable cause; his failure to file was due to willful neglect. Accordingly, we sustain respondent's determinations that

petitioner is liable for the additions to tax pursuant to section 6651(a)(1) for 2000 and 2001.

B.   Section 6654(a)

Section 6654(a) imposes an addition to tax "in the case of any underpayment of estimated tax by an individual."  The amount of the underpayment is the excess of the "required installment" over the amount (if any) of the installment paid on or before the due date of the installment.  Sec. 6654(b)(1).  The amount of the required installment is 25 percent of the required annual payment.  Sec. 6654(d)(1)(A).  Since petitioner filed no return for 2000, the "required annual payment" for 2001 is 90 percent of the tax for 2001.  Sec. 6654(d)(1)(B).

Petitioner and his wife had total withholding in the amount of $994 and made no estimated tax payments for 2001.  Respondent conceded that petitioner's corrected income for 2001 is $46,155.  After allowing the standard deduction ($4,550) and exemptions ($2,900) contained in the notice of deficiency, petitioner's total "corrected taxable income" for 2001 equals $38,705.  According to the 2001 tax table, available on the Internal Revenue Service's Web site, the tax due for an individual with $38,705 of taxable income and married filing separately status is $7,824.  See Fed. R. Evid. 201 (regarding judicial notice).  Petitioner's total withholding, even before reducing it by one-half pursuant to section 1.31-1(a), Income Tax Regs., and

estimated tax payments are less than 90 percent of petitioner's tax for 2001 ($7,042).  Accordingly, respondent met his burden of production.

Petitioner offered no credible evidence related to this issue.  No section 6654(e) exception applies.  Accordingly, we sustain respondent's determination that petitioner is liable for the addition to tax pursuant to section 6654(a) for 2001.

III.  Section 6673(a)(1)

Section 6673(a)(1) authorizes this Court to require a taxpayer to pay to the United States a penalty not to exceed $25,000 if the taxpayer took frivolous positions in the proceeding or instituted the proceedings primarily for delay.  A position maintained by the taxpayer is "frivolous" where it is "contrary to established law and unsupported by a reasoned, colorable argument for change in the law."  Coleman v. Commissioner, 791 F.2d 68, 71 (7th Cir. 1986).  In Parker v. Commissioner, 724 F.2d 469, 472 (5th Cir. 1984), affg. T.C. Memo. 1983-75, the U.S. Court of Appeals for the Fifth Circuit, the court which is the likely venue for appeal, gave a "cautionary note to those who would persistently raise arguments against the income tax which have been put to rest for years.  The full range of sanctions in Rule 38 hereafter shall be summoned in response to a totally frivolous appeal."

The Court repeatedly warned petitioner that his arguments repeatedly had been rejected as frivolous by this Court and the U.S. Court of Appeals for the Fifth Circuit and that this Court and U.S. Courts of Appeals have been imposing penalties against taxpayers who pursue these frivolous arguments. Furthermore, petitioner admitted that he was aware that some of the arguments that he raised had been ruled on and rejected by the courts and that the Fifth Amendment "is not really pertinent to my case". Despite warning petitioner numerous times at trial that his arguments were frivolous and groundless and that pursuing such arguments might result in the imposition of penalties against him, petitioner persisted in making those arguments (including the Fifth Amendment argument) at trial and on brief.[4]

We conclude that petitioner's position was frivolous and groundless and that petitioner instituted and maintained this proceeding primarily for delay. Accordingly, pursuant to section 6673(a), we hold that petitioner is liable for a $15,000 penalty.

To reflect the foregoing,

Decision will be entered
under Rule 155.

---

[4] Petitioner's brief is 65 pages and basically reiterates the frivolous and groundless arguments he raised at trial.