T.C. Memo. 2006-109


UNITED STATES TAX COURT


CHARLES RAYMOND WHEELER, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent


Docket Nos. 14430-03, 7206-04.      Filed May 22, 2006.


    P failed to timely file Federal income tax returns
for the 1994, 1995, 1996, 1997, 1998, 1999, 2000, and
2001 taxable years.  R determined deficiencies and
additions to tax, which P then contested on the basis
of tax protester arguments.

    <u>Held</u>:  P is liable for the deficiencies determined
by R, for additions to tax under secs. 6651(a)(1) and
6654, I.R.C., and for a penalty under sec. 6673, I.R.C.


Charles Raymond Wheeler, pro se.

<u>Joan E. Steele</u>, for respondent.

MEMORANDUM FINDINGS OF FACT AND OPINION

WHERRY, Judge:  In these consolidated cases, respondent determined the following deficiencies and additions to tax with respect to petitioner's Federal income taxes:

|  |  | Additions to Tax | |
| Year | Deficiency | Sec. 6651(a)[1] | Sec. 6654 |
| 1994 | $ 15,345.00 | $ 3,341.25 | $   682.09 |
| 1995 | 22,888.00 | 4,501.00 | 946.78 |
| 1996 | 128,008.00 | 30,519.50 | 6,462.58 |
| 1997 | 37,376.00 | 7,010.50 | 1,444.79 |
| 1998 | 40,669.00 | 7,175.00 | 1,252.40 |
| 1999 | 11,093.00 | 2,266.75 | 427.92 |
| 2000 | 11,662.00 | 2,306.00 | 478.24 |
| 2001 | 9,666.90 | 2,755.55 | 382.54 |

The parties stipulated petitioner's filing status, number of exemptions, gross income, allowable deductions, taxable income, and in some instances allowable credits.  After concessions by the parties,[2] the remaining issues for decision are:

(1) Whether respondent issued valid notices of deficiency for the 1994 through 2001 taxable years;[3]

---

[1] Unless otherwise indicated, all section references are to the Internal Revenue Code (Code) in effect for the years in issue, and all Rule references are to the Tax Court Rules of Practice and Procedure.

[2] For all the years in issue, respondent conceded the sec. 72(t) tax and for 2001, the sec. 6651(a)(2) addition to tax.  The notices of deficiency for the taxable years 1994 through 2000 did not indicate sec. 6651(a)(2) additions to tax.

[3] Petitioner contends that the issue in this case is whether the notices of deficiency were validly signed.  The Court assumes this is also an argument contesting the deficiency and additions

(continued...)

- 3 -

(2) whether petitioner is liable for deficiencies for the
1994 through 2001 taxable years;

(3) whether petitioner is liable for additions to tax under
section 6651(a)(1) for the 1994 through 2001 taxable years;

(4) whether petitioner is liable for additions to tax under
section 6654 for the 1994 through 2001 taxable years; and

(5) whether the Court should impose a penalty under section
6673.

FINDINGS OF FACT

Background

Petitioner did not timely file income tax returns for the
taxable years 1994 through 2000, but he eventually submitted
completed returns for those years on October 4, 2004, to the
Appeals officer assigned to his case but only after notices of
deficiency had been issued.  Petitioner did not file an income
tax return for 2001.

Respondent issued to petitioner notices of deficiency on
June 4, 2003, determining income tax deficiencies and additions
to tax for taxable years 1994 through 2000.  Petitioner timely
filed a petition for these years on August 28, 2003.  Respondent
issued to petitioner a notice of deficiency on January 28, 2004,
determining an income tax deficiency and additions to tax for

---

³(...continued)
to tax as determined by respondent even though the parties have
stipulated the amounts underlying the deficiencies.

taxable year 2001. Petitioner timely filed a petition for this year on April 30, 2004. Both petitions disputed the deficiencies and additions to tax and included lengthy tax protester arguments. These cases were consolidated for purposes of trial, briefing, and opinion. At the time these petitions were filed, petitioner resided in Colorado Springs, Colorado.

At trial, respondent orally stipulated a decreased deficiency for 2001 of $2,336 and revised sections 6651(a)(1) and 6654(a) additions to tax of $389.50 and $58.83, respectively. Petitioner agreed with these revised amounts.

Some of the facts have been stipulated and are so found. The stipulations of the parties, with accompanying exhibits, are incorporated herein by this reference.

Petitioner's Correspondences

Throughout the administrative process, the record reveals that petitioner, as trustee of the Charles R. Wheeler Trust (trust) or in his individual capacity, sent at least three frivolous documents to respondent challenging his and the trust's obligation to file an income tax return and to pay income taxes. Petitioner sent a letter dated November 8, 2000, to respondent's counsel in St. George, Utah, and the Internal Revenue Service (IRS) Service Center in Ogden, Utah. That letter concluded as follows:

> Having studied Title 26 and various IRS manuals and
> documents extensively, we have determined that the IRS

is in error, neither the trust nor I are taxpayers. Additionally, the IRS has through various unlawful means and deceptive practices caused funds to be illegally converted to the IRS. Therefore, we request that the IRS return those converted funds with interest to the trust and/or me immediately, correct your database for past years and remove any data referencing the trust and me from any and all databases maintained by the IRS in the future.

Petitioner sent a letter dated September 6, 2002, to the IRS Service Center in Ogden, Utah, declaring that he is "not in receipt of any document that verifies that CHARLES R WHEELER is a taxpayer owing a tax to the treasury".

Petitioner sent a lengthy letter dated September 30, 2004, to the IRS Appeals Office in Denver, Colorado. In that letter, he stated he had been researching tax issues "for almost fourteen years". He contended that actions taken with respect to the notices of deficiency issued in these cases represent violations of the

Constitution of the United States with Supreme Court decisions, Statutes at Large, Delegated authority, Federal Debt Collection Procedure, Administrative Procedures Act, Paperwork Reduction Act, Ethics in Government Act, and most importantly the Laws of the Almighty, the Highest Authority, it is evident * * * the Notices of Deficiency * * * represent violations of them all.

It is evident that the Internal Revenue Service uses Form W-2s from private sector employers and false reporting of "wages" * * * to create dummy Substitutes for Return (SFR) per the IRS' Internal Revenue Manual instructions. * * * Since it is just that, [a "dummy SFR"] the straw man so created * * * cannot and does not lawfully exist as it was created "to accomplish some purpose otherwise not allowed", i.e. forced and

unlawful takings from our God given, constitutionally protected rights to the property of our labor.

The Court agrees with respondent that this correspondence, and the assertions raised therein, are frivolous.

OPINION

I. Contentions of the Parties

Petitioner argues that he does not owe any tax or addition thereto for the 1994 through 2001 taxable years because: (1) The statutory notices of deficiency issued to him by respondent were not valid; (2) the notices of deficiency for the years in issues were not signed by an authorized signer;[4] (3) the Form 4549,

---

[4] The notices of deficiency for 1994 through 2000 were signed by Timothy A. Towns, and the notice of deficiency for 2001 was signed by Thomas D. Mathews. Both Mr. Towns and Mr. Mathews signed the notices on behalf of the "Compliance Center, Ogden Service Center". Under the Internal Revenue Manual, the authority "to sign and send to the taxpayer by registered or certified mail, any notice of deficiency" is delegated to, among other individuals, "Directors, Customer Service Centers" and the later individuals may redelegate the authority "directly to selected individuals within their functional area." I.R.S. Deleg. Order No. 77 (Rev. 28) (May 17, 1996). This delegation order applied to Mr. Towns and Mr. Mathews. See also discussion infra p. 9. Petitioner did not provide any evidence that Mr. Towns or Mr. Mathews was not an individual to whom the authority to sign notices of deficiency could have been delegated. Generally, the Court does not look behind the notice of deficiency to determine or examine the evidence used, the propriety of the Commissioner's motives in making the determinations, or to question the administrative policies and procedures leading to a determination. Kantor v. Commissioner, 998 F.2d 1514, 1521 (9th Cir. 1993), affg. and revg. on another issue T.C. Memo. 1990-380; Pasternak v. Commissioner, 990 F.2d 893, 898 (6th Cir. 1993), affg. Donahue v. Commissioner, T.C. Memo. 1991-181; Greenberg's Express, Inc. v. Commissioner, 62 T.C. 324, 327 (1974); Corcoran v. Commissioner, T.C. Memo. 2002-
(continued...)

Income Tax Examination Changes, was not signed; (4) the Individual Master File (IMF) for each year per the Forms 4340, Certificate of Assessment, Payments, and Other Specified Matters, shows no tax was ever assessed, no amounts due, and lacks a "code 494";[5] (5) Title 27, U.S.C., not Title 26, contains the implementing regulation for section 6020;[6] and (6) he is not an individual required to pay an income tax.

Respondent replies that the statutory notices of deficiency were valid when issued. Petitioner is liable for the income tax and sections 6651(a)(1) and 6654 additions to tax because petitioner stipulated the income underlying the notices of

---

[4](...continued)
18, affd. 54 Fed. Appx. 254 (9th Cir. 2002).

[5] An IMF is a computer-generated transcript of a taxpayer's account with the Internal Revenue Service showing by numeric codes the dates certain transactions occurred, including the identification of the taxpayer, the type of tax, the tax period, the dates of assessment, and the amounts of assessment. Klawonn v. Commissioner, T.C. Memo. 2002-27; Wiley v. United States, 71 AFTR 2d 93-1333 (S.D. Ohio 1992), affd. in part and revd. in part on another issue 20 F.3d 222 (6th Cir. 1994). A code 494 normally records that a notice of deficiency has been sent. Wiley v. United States, 20 F.3d 222, 224 (6th Cir. 1994).

[6] Petitioner's contention is unfounded as the implementing regulation for sec. 6020 is sec. 301.6020-1, Proced. & Admin. Regs. In any event, this Court has held such an argument to be frivolous. See Richards Asset Mgmt. Trust v. Commissioner, T.C. Memo. 2002-213; Stafford v. Commissioner, T.C. Memo. 1997-50 n.12 ("the absence of implementing regulations would not, generally speaking, preclude the Commissioner from enforcing sections of the Internal Revenue Code. Provisions of the Internal Revenue Code generally do not require implementing regulations as a prerequisite to enforcement."), affd. without published opinion 146 F.3d 868 (5th Cir. 1998).

deficiency and the additions to tax.  In his pretrial memorandum and during trial, respondent also argued that petitioner should be subject to a penalty under section 6673 for raising frivolous arguments.

## II.  Burden of Proof

Petitioner stipulated the receipt of the income underlying the notices of deficiency for all the taxable years.  We do not discuss the burden of proof because the outcome of this case turns on the preponderance of the evidence and is unaffected by section 7491.  See Estate of Bongard v. Commissioner, 124 T.C. 95, 111 (2005) (citing Blodgett v. Commissioner, 394 F.3d 1030, 1035 (8th Cir. 2005), affg. T.C. Memo. 2003-212); Estate of Stone v. Commissioner, T.C. Memo. 2003-309).

## III. Filing Requirement

The Code imposes a Federal tax on the taxable income of every individual.  Sec. 1.  Gross income for the purposes of calculating taxable income is defined as "all income from whatever source derived".  Sec. 61(a).  Thus, the definition of gross income under section 61(a) broadly encompasses any accession to a taxpayer's wealth.

Every U.S. resident individual whose gross income for the taxable year equals or exceeds the exemption amount, subject to exceptions not applicable here, is required to make an income tax

return.[7]  Sec. 6012(a)(1)(A).  Petitioner's gross income amounts

exceeded the filing threshold for each year in issue.[8]

IV.  <u>Validity of the Notices of Deficiency</u>

A valid notice of deficiency need not be signed at all.

<u>Tavano v. Commissioner</u>, 986 F.2d 1389, 1390 (11th Cir. 1993),

affg. T.C. Memo. 1991-237; <u>Commissioner v. Oswego Falls Corp.</u>, 71

F.2d 673, 677 (2d Cir. 1934); <u>Perlmutter v. Commissioner</u>, 44 T.C.

---

[7] Sec. 7701(a)(30)(A) defines the term "United States person" as, inter alia, a "citizen or resident of the United States".  As petitioner claimed he was "domiciled in El Paso County, Colorado," he is a resident of the United States.

[8] In petitioner's petition, he references the validity of the filing requirement.  Our tax system, the Code, and the Tax Court have been firmly established as constitutional.  <u>Crain v. Commissioner</u>, 737 F.2d 1417, 1417-1418 (5th Cir. 1984); <u>Ginter v. Southern</u>, 611 F.2d 1226, 1229 (8th Cir. 1979); Rev. Rul. 2005-19, 2005-14 I.R.B. 819.  Specifically, the Court notes that the "Federal income tax laws are constitutional. * * * The whole purpose of the 16th Amendment was to relieve all income taxes when imposed from apportionment and from a consideration of the source whence the income was derived."  <u>Abrams v. Commissioner</u>, 82 T.C. 403, 406-407 (1984); see also <u>Brunner v. Commissioner</u>, T.C. Memo. 2004-187 (discussing the constitutionality of the Federal income tax filing requirement), affd. per curiam 142 Fed. Appx. 53 (3d Cir. 2005).

For the years in issue, the filing thresholds for the married filing separate filing status were:

| Year | Threshold Amount |
|------|------------------|
| 1994 | $2,450 |
| 1995 | $2,500 |
| 1996 | $2,550 |
| 1997 | $2,650 |
| 1998 | $2,700 |
| 1999 | $2,750 |
| 2000 | $2,800 |
| 2001 | $2,900 |

382, 399-400 (1965), affd. 373 F.2d 45 (10th Cir. 1967); Urban v. Commissioner, T.C. Memo. 1991-220, affd. per curiam 964 F.2d 888 (9th Cir. 1992). Section 6212 requires that the notice be sent.

Even if the signature block does not comply with the Internal Revenue Manual, the rules of the Manual have been held to be merely directory and not mandatory.[9] See Urban v. Commissioner, 964 F.2d 888, 890 (9th Cir. 1992). The Commissioner sent petitioner the notices of deficiency for the taxable years in issue, and petitioner confirmed his receipt of them. Thus, even if the notices of deficiency were signed by using an overprint or a machine-imprinting process, as petitioner contends, rather than hand-signed, they would still be valid notices of deficiency. Likewise, the Forms 4549 accompanying the notices of deficiency are valid for the purpose of informing petitioner of his income tax examination changes. They need not be signed.

## V. Petitioner's Taxable Income

Petitioner stipulated the receipt of the income underlying the notices of deficiency and did not introduce any evidence to establish that he was entitled to any deductions or credits not

---

[9] The Internal Revenue Manual was designed to aid in the internal administration of the Internal Revenue Service, not for the protection of taxpayers; thus, it is not binding upon and confers no rights to taxpayers. Fargo v. Commissioner, __ F.3d__ n.9 (9th Cir., May 9, 2006), affg. T.C. Memo. 2004-13; United States v. Mapp, 561 F.2d 685, 690 (7th Cir. 1977); United States v. Lockyer, 448 F.2d 417, 421 (10th Cir 1971).

stipulated by the parties.  Petitioner failed to call any witnesses on his behalf.  Petitioner failed to carry his burden of proof by a preponderance of the evidence that the amounts underlying the notices of deficiency were not taxable to him.

VI.  Additions to Tax

The Commissioner bears the burden of production in any court proceeding arising from an examination begun after July 22, 1998, with respect to an individual's liability for penalties or additions to tax.  Sec. 7491(c).  To meet this burden, the Commissioner must come forward with sufficient evidence indicating that it is appropriate to impose the relevant penalty or addition to tax.  Higbee v. Commissioner, 116 T.C. 438, 446 (2001).  In instances where an exception to the penalty or addition of tax is afforded upon a showing of reasonable cause, the taxpayer bears the burden of showing such cause.  Id. at 447.

A.  Section 6651(a)(1)

Section 6651(a)(1) provides for a 5-percent addition to tax for each month or portion thereof that the return is filed late, not to exceed 25 percent in the aggregate, unless such failure to file on time is due to reasonable cause and not due to willful neglect.  Although not defined in the Code, "reasonable cause" is viewed in the applicable regulations as the "exercise of ordinary business care and prudence".  Sec. 301.6651-1(c)(1), Proced. & Admin. Regs; see also United States v. Boyle, 469 U.S. 241, 246

(1985).  "'Willful neglect'" can be interpreted as a "conscious, intentional failure or reckless indifference."  <u>United States v. Boyle</u>, <u>supra</u> at 245.  With respect to section 6651(a) additions to tax, reliance on misguided constitutional beliefs is not reasonable.  <u>Edwards v. Commissioner</u>, 680 F.2d 1268, 1271 n.2 (9th Cir. 1982).

The Court concludes that respondent's burden of production has been met.  Respondent provided Forms 4340,[10] showing that petitioner did not file a return for the 2001 taxable year and that returns for 1994, 1995, 1996, 1997, 1998, 1999, and 2000 were not filed until October 4, 2004.  Petitioner has not provided any evidence that his failure to file was due to reasonable cause.  Therefore, the Court sustains the imposition of an addition to tax under section 6651(a)(1).

---

[10] Petitioner contends that the Forms 4340, Certificate of Assessment, Payments, and Other Specified Matters, which were stipulated by both respondent and petitioner, show that petitioner's tax liability is zero for each of the taxable years in issue.  However, petitioner's interpretation of the information on a Form 4340 is incorrect.  In a deficiency case, where a tax return has not been timely filed, as in the instant case, a Form 4340 would not show the amount of any assessments, which by statute generally may not be made until the time to petition this Court has expired or this Court's decision in the case has become final or is appealed without posting of an appeal bond.  Sec. 6213(a).

B.    Section 6654

Section 6654(a) provides for an addition to tax for failure to pay estimated income tax where there has been an underpayment of estimated taxes by a taxpayer.  In general, taxes withheld on wages will be deemed a payment of estimated tax with an equal part of such amount withheld deemed paid on each due date of a required installment of estimated tax for such taxable year.  Sec. 6654(g)(1).  The record indicates that petitioner had amounts withheld from his compensation for 1994, 1995, 1996, 1997, 1998, 1999, and 2000; however, petitioner still had an underpayment of estimated taxes.  At trial, petitioner did not make any arguments or offer any evidence to demonstrate that his situation falls within any of the specified exceptions under section 6654(e).  For taxable year 2001, petitioner conceded at trial the amount of the section 6654 addition to tax.  Therefore, petitioner is liable for this addition to tax for all the years in issue.

VII. Section 6673 Penalty

Section 6673 allows this Court to award a penalty to the United States in an amount not in excess of $25,000 for proceedings instituted by the taxpayer primarily for delay or for proceedings in which the taxpayer's position is frivolous or groundless.  "A petition to the Tax Court, or a tax return, is frivolous if it is contrary to established law and unsupported by

a reasoned, colorable argument for change in the law." Coleman v. Commissioner, 791 F.2d 68, 71 (7th Cir. 1986) (imposing penalties on taxpayers who made frivolous constitutional arguments in opposition to the income tax). Courts have ruled that tax protester arguments and defenses to the filing requirement, such as petitioner has espoused, are groundless and wholly without merit. Ginter v. Southern, 611 F.2d 1226, 1229 n.2 (8th Cir. 1979); see also Brunner v. Commissioner, T.C. Memo. 2004-187, affd. 142 Fed. Appx. 53 (3d Cir. 2005); Williams v. Commissioner, T.C. Memo. 1999-277; Morin v. Commissioner, T.C. Memo. 1999-240; Sochia v. Commissioner, T.C. Memo. 1998-294 (all of which imposed a section 6673 penalty for tax protester arguments).

> Groundless litigation diverts the time and energies of judges from more serious claims; it imposes needless costs on other litigants. Once the legal system has resolved a claim, judges and lawyers must move on to other things. They cannot endlessly rehear stale arguments. Both appellants say that the penalties stifle their right to petition for redress of grievances. But there is no constitutional right to bring frivolous suits, see Bill Johnson's Restaurants, Inc. v. NLRB, 461 U.S. 731, 743, 103 S.Ct. 2161, 2170, 76 L.Ed.2d 277 (1983). People who wish to express displeasure with taxes must choose other forums, and there are many available. * * * [Coleman v. Commissioner, supra at 72.]

Respondent informed petitioner at trial and by pretrial memorandum of the Court's ability to impose sanctions upon petitioner for frivolous arguments pursuant to section 6673. Furthermore, the Court warned petitioner that arguments against

the constitutionality of the income tax, the validity of the Sixteenth Amendment, or the legality of the income tax were frivolous and would likely result in the imposition of a section 6673 penalty. Although, at trial, petitioner repeatedly stated he was not attempting to make frivolous arguments, on brief, he continued to present frivolous arguments.

Petitioner contended that there was no law that made him liable for an income tax or required him to file an income tax return. Petitioner submitted frivolous documents to respondent and the Appeals Office, which provided specious arguments against the filing of an income tax return and the Internal Revenue Code. On the basis of the entire record, petitioner has instituted proceedings primarily for delay and has advanced arguments that are frivolous and groundless and warrant no further discussion. See Crain v. Commissioner, 737 F.2d 1417, 1417 (5th Cir. 1984) ("We perceive no need to refute these arguments with somber reasoning and copious citation of precedent; to do so might suggest these arguments have some colorable merit."). A penalty in these cases is appropriate. Accordingly, the Court imposes a section 6673 penalty on petitioner in the amount of $1,500 for each of these cases for a total penalty of $3,000.

VIII. Conclusion

The Court found petitioner's arguments regarding the validity of the notices of deficiency to be frivolous.

Petitioner is liable for section 6673 penalties together with deficiencies and additions to tax as modified by the stipulations and concessions.

The Court has considered all of petitioner's contentions, arguments, requests, and statements. To the extent not discussed herein, we conclude that they are meritless, moot, or irrelevant.

To reflect the foregoing and concessions made by respondent,

<u>Decisions will be entered</u>

<u>under Rule 155</u>.