FILED
United States Court of Appeals
Tenth Circuit

April 15, 2009

Elisabeth A. Shumaker
Clerk of Court

UNITED STATES COURT OF APPEALS

FOR THE TENTH CIRCUIT

MICHAEL POINDEXTER,

Petitioner-Appellant,

v.

COMMISSIONER OF INTERNAL
REVENUE,

Respondent-Appellee.

No. 08-9008
(United States Tax Court)
(T.C. No. 14979-05L)

ORDER AND JUDGMENT[*]

Before **LUCERO**, **PORFILIO**, and **ANDERSON**, Circuit Judges.

Michael Poindexter settled his delinquent tax liability but later defaulted

under the terms of his agreement. His default prompted the Commissioner of

Internal Revenue to impose a levy for Mr. Poindexter's entire original tax

liability. The Tax Court upheld the Commissioner's decision, and Mr. Poindexter

appealed. We have jurisdiction under 26 U.S.C. § 7482(a)(1) and now affirm.

---

[*]     After examining the briefs and appellate record, this panel has determined
unanimously that oral argument would not materially assist the determination of
this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is
therefore ordered submitted without oral argument. This order and judgment is
not binding precedent, except under the doctrines of law of the case, res judicata,
and collateral estoppel. It may be cited, however, for its persuasive value
consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

# I

Mr. Poindexter failed to pay his federal income taxes from 1990 to 1995. Although his total delinquency exceeded $280,000, the Commissioner accepted an offer-in-compromise (OIC) of $120,000. The OIC, accepted on November 21, 1997, required Mr. Poindexter to remain current on his taxes for the next five years or until the deficiency was satisfied. In 2000 and 2001, however, he again fell behind on his taxes. Consequently, the Commissioner notified him on October 22, 2003, that he had thirty days to pay the deficiency or be found in default of the OIC. The Commissioner warned that failure to timely pay the deficiency would result in reinstatement of the entire original tax liability, less payments received. One day after the deadline, Mr. Poindexter requested a six-month extension; the Commissioner answered with a finding of default.

On September 9, 2004, Mr. Poindexter received a "Final Notice - Notice of Intent to Levy and Notice of Your Right to a Hearing" concerning his tax liability from 1993 through 1995. Mr. Poindexter requested a collection due process (CDP) hearing under 26 U.S.C. § 6330, but before the hearing paid his 2000 and 2001 taxes. He therefore urged the Commissioner to reinstate the OIC or accept a new one based on doubt as to liability. The Commissioner refused and on July 14, 2005, issued a final notice of determination. The Commissioner concluded that Mr. Poindexter had defaulted under the OIC and that collection by levy of his unpaid tax liabilities from 1993, 1994, and 1995 was appropriate.

Mr. Poindexter subsequently petitioned the United States Tax Court for review, arguing, among other things, that the Commissioner's finding of default and collection by levy was an abuse of discretion. He claimed that he should have been granted an extension to cure the default and that his breach was immaterial. He also claimed the Commissioner should have accepted a new OIC based on doubt as to liability. The Tax Court rejected these arguments and upheld the Commissioner's decision. In this court, Mr. Poindexter reasserts his arguments that he should have been granted an extension, that there was no material breach, and that the Commissioner refused to consider a new OIC.

## II

"We review the Tax Court's conclusions of law *de novo* and its factual findings for clear error." *Lewis v. Comm'r*, 523 F.3d 1272, 1274 (10th Cir. 2008). Because the validity of Mr. Poindexter's underlying tax liability was not at issue, the Tax Court reviewed the Commissioner's administrative determinations for an abuse of discretion. *See Goza v. Comm'r*, 114 T.C. 176, 181-82 (2000). Thus, we, too, evaluate the Commissioner's decisions for an abuse of discretion.

Mr. Poindexter first claims he should have been granted a six-month extension to cure the default. He argues that the Internal Revenue Manual affords defaulting taxpayers six months to cure, but he never received that opportunity. This argument fails for at least four reasons. First, the Internal Revenue Manual does not have the force of law and it confers no rights upon taxpayers. *See*

*United States v. Lockyer*, 448 F.2d 417, 421 (10th Cir. 1971); *see also Wheeler v. Comm'r*, 91 T.C.M. (CCH) 1194, at *3 n.9 (2006) (noting that the manual "was designed to aid in the internal administration of the Internal Revenue Service, not for the protection of taxpayers; thus, it is not binding upon and confers no rights to taxpayers"). Second, the manual does not require the Commissioner to grant defaulting taxpayers a six-month extension; it simply permits extensions under appropriate circumstances.[1] Third, Mr. Poindexter failed to timely request an extension within thirty days of the Commissioner's warning of default. And fourth, despite his untimely request for an extension of six months,
Mr. Poindexter waited more than a year – until December 21, 2004 – to pay his deficiency. Under these circumstances, we perceive no abuse of discretion.
Mr. Poindexter's insistence that the Commissioner failed to even consider granting an extension is belied by the record. *See, e.g.,* Ex. 22-J at 2 ("Had the taxpayer paid [the taxes] within 6 months as was requested, I would have considered reinstating the OIC.").

---

[1]     Mr. Poindexter relies on Internal Revenue Manual pt. 5.8.9.4(5) (2001), which provides in part:

> If compliance [with an OIC] is not immediately secured, the offer will be evaluated in light of all information submitted by the service center and a decision will be made whether to terminate the offer or to consider temporary adjustment of its terms. If . . . [t]he taxpayer can pay the potential defaulted amount in 6 months or less . . . [t]hen . . . [t]he revenue officer can grant an extension of time to pay for no longer than 6 months. Future deferred payments must be made on time.

Mr. Poindexter also asserts his breach of the OIC was immaterial because he paid his 2000 and 2001 taxes before the CDP hearing. He acknowledges that timely payment of these liabilities was an express condition of the agreement, but nevertheless contends that no harm was done. This is a meritless argument. The parties agree that timely payment of Mr. Poindexter's taxes was an express condition of the OIC. Consequently, his failure to timely perform discharged the Commissioner's obligation to set-aside the original tax liability. *See Robinette v. Comm'r*, 439 F.3d 455, 462 (8th Cir. 2006), *rev'g* 123 T.C. 85 (2004). The question of materiality is relevant only to the extent that timely performance was not an express condition of the agreement, *id.*, which is simply not the case here. Mr. Poindexter's suggestion that we ought to disregard *Robinette* because his Tax Court petition predated *Robinette* is patently meritless, as is his contention that we ought to follow the Tax Court's decision reversed by *Robinette*. And, it is of no consequence that Mr. Poindexter later paid his taxes, because the breach occurred when the taxes were not timely paid. His belated payment did not retroactively undo the breach or render it harmless; it simply satisfied the liability.

Finally, Mr. Poindexter contends the Commissioner failed to consider collection alternatives before imposing the levy. Under the Internal Revenue Code, prior to approving a levy action, the Commissioner must consider proposed collection alternatives such as the substitution of other assets, an installment

agreement, or an offer-in-compromise. 26 U.S.C. § 6330(c); *see Cox v. Comm'r*, 514 F.3d 1119, 1124 (10th Cir. 2008). The Commissioner must also consider "whether any proposed collection action balances the need for the efficient collection of taxes with the legitimate concern of the person that any collection action be no more intrusive than necessary." 26 U.S.C. § 6330(c)(3)(C); *Cox*, 514 F.3d at 1124. Mr. Poindexter asserts that despite these provisions, the Commissioner refused to consider his proposed OIC based on doubt as to liability "arising out of [the] purported default." Aplt. Br. at 14.

It is worth noting, however, that Mr. Poindexter never actually submitted a new OIC. Instead, his contention concerns the Commissioner's unwillingness to accept an OIC based on doubt as to liability, *see* 26 C.F.R. § 301.7122-1(b)(1), because liability was not at issue, *see* R., Doc. 22 at 23-24. Mr. Poindexter stresses that doubt as to liability remained a sound basis for a new OIC since he was contesting his liability flowing from the default. But "a challenge to the Commissioner's determination that a taxpayer was properly deemed in default on an OIC is not a dispute of the underlying tax liability." *Ng v. Comm'r*, 93 T.C.M. (CCH) 675, at *3 (2007). Hence, the Commissioner correctly recognized that an OIC based on doubt as to liability was unacceptable. To the extent Mr. Poindexter complains that the Commissioner improperly dissuaded him from submitting his OIC based on doubt as to liability, there was no abuse of discretion in discouraging a meritless proposal. *See Robinette*, 439 F.3d at 464.

In any event, the record amply demonstrates that the Commissioner properly considered other collection alternatives and weighed the propriety of the levy action. Indeed, notes from an appeals officer indicate that the Commissioner considered reinstating the OIC but declined because Mr. Poindexter failed to timely respond to the warning notice, failed to pay his delinquent taxes within the six months he requested, and failed to pay his taxes from 2002, 2003, and 2004. Further, the record indicates that the Commissioner encouraged Mr. Poindexter to file a new OIC based on doubt as to collectibility, *see* 26 C.F.R. § 301.7122-1(b)(2), due to his divorce, fluctuating income, and bankruptcy petition, but he refused. Similarly, the Commissioner encouraged Mr. Poindexter to pursue an installment plan so as to avoid levy, but Mr. Poindexter insisted only on an OIC based on doubt as to liability. With no remaining alternatives, the Commissioner was compelled to proceed with the levy. In short, we are satisfied that the Commissioner considered collection alternatives, accounted for Mr. Poindexter's hardships, and weighed whether the levy action was the least intrusive means of collection. Accordingly, we find no abuse of discretion in the Commissioner's finding of default and imposition of levy.

The judgment of the Tax Court is AFFIRMED.

Entered for the Court

Stephen H. Anderson
Circuit Judge

-7-