T.C. Memo. 2007-31

UNITED STATES TAX COURT

JOHN ALFRED LASZLOFFY, Petitioner v.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 12601-05L.              Filed February 7, 2007.

John Alfred Laszloffy, pro se.

Karen Nicholson Sommers, for respondent.

MEMORANDUM OPINION

SWIFT, Judge:  This matter is before us under Rule 121 on the parties' cross-motions for summary judgment.  The underlying issue in this collection case is whether respondent's Appeals Office abused its discretion in sustaining respondent's proposed levy action against petitioner's property.

Unless otherwise indicated, all section references are to the Internal Revenue Code in effect for the years in issue, and all Rule references are to the Tax Court Rules of Practice and Procedure.

For purposes of the instant cross-motions for summary judgment, and the respective objections thereto, the record consists of documents set forth in respondent's administrative file, the pleadings filed herein, and the parties' cross-motions for summary judgment and attachments thereto.

## Background

Respondent seeks to levy on petitioner's property in connection with petitioner's assessed and outstanding 1992 and 1993 Federal income taxes and related additions to tax and interest as follows:

| | | Additions to Tax | | | |
|---|---|---|---|---|---|
| Year | Deficiency | Sec. 6651(a)(1) | Sec. 6651(a)(3) | Sec. 6654 | Interest* |
| 1992 | $ 7,513 | $1,878 | $1,878 | $327 | $13,505 |
| 1993 | 10,460 | 2,615 | 2,615 | 441 | 16,620 |

* As of approximately Dec. 24, 2004. Includes for 1992 an $18 collection fee.

Petitioner, who describes himself as "from the mountains" of California, failed to file his 1992 and 1993 individual Federal income tax returns.

With third-party information returns and Bureau of Labor Statistics figures, respondent reconstructed petitioner's 1992 and 1993 income.

On November 27, 1995, based on respondent's reconstruction of petitioner's income, respondent issued to petitioner a notice of deficiency relating to 1992 and 1993 in which respondent determined the above income tax deficiencies and additions to tax for failure to file and failure to pay estimated income tax.

Petitioner received respondent's notice of deficiency. Petitioner, however, did not petition this Court to redetermine the income tax deficiencies and additions to tax set forth therein.

On June 17, 1996, respondent assessed the above income tax deficiencies, additions to tax for failure to file and failure to pay estimated income taxes, and related interest.

On December 24, 2004, respondent mailed to petitioner a Final Notice of Intent to Levy and Notice of Your Right to a Hearing (levy notice) relating to the above unpaid liabilities.

On December 30, 2004, petitioner requested a hearing with respondent's Appeals Office with respect to the proposed levy action. On June 7, 2005, respondent's Appeals officer held a telephone hearing with petitioner. During the hearing, petitioner did not propose collection alternatives to respondent's Appeals officer. Instead, petitioner presented

frivolous arguments in which he contested his income tax liabilities and the validity of the assessments against him.

On June 17, 2005, respondent's Appeals Office issued to petitioner a Notice of Determination Concerning Collection Action (notice of determination) in which respondent's Appeals Office sustained respondent's proposed levy action.

Petitioner timely petitioned this Court to review the above notice of determination.

## Discussion

Summary judgment is proper "if the pleadings, answers to interrogatories, depositions, admissions, and any other acceptable materials, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that a decision may be rendered as a matter of law."  Rule 121(b); Beery v. Commissioner, 122 T.C. 184, 187 (2004).

A party opposing a motion for summary judgment "may not rest upon the mere allegations or denials of such party's pleading," but the objecting party's response "must set forth specific facts showing that there is a genuine issue for trial."  Rule 121(d); Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986).

The burden of establishing the nonexistence of a genuine issue of fact is on the party moving for summary judgment. Adickes v. S.H. Kress & Co., 398 U.S. 144, 157 (1970).

Section 6331(a) provides generally that, if a taxpayer liable to pay Federal taxes neglects or refuses to pay the same within 10 days after notice and demand, it shall be lawful for respondent to collect such tax by levy upon all property and rights to property belonging to the taxpayer.

Section 6331(d)(1) requires that, prior to making a levy on a taxpayer's property, respondent must give to the taxpayer written notice of the proposed levy and written notice of the taxpayer's right to a hearing.

In such a hearing, respondent is required to verify whether the requirements of all applicable laws and administrative procedures have been met and to consider other issues raised by a taxpayer including appropriate spousal defenses, collection alternatives, and challenges to the appropriateness of the collection actions. Sec. 6330(c).

Section 6330(c) also requires respondent to consider whether respondent's proposed collection action balances the need for efficient collection of taxes with the taxpayer's legitimate concern that any collection action be no more intrusive than necessary. Sec. 6330(c)(3).

Under section 6330(c)(2)(B), if a taxpayer received a notice of deficiency for a year in question, in a later collection hearing the taxpayer may not contest the existence or amount of

his or her underlying tax liability for that year.  Nestor v. Commissioner, 118 T.C. 162, 165-166 (2002).

Petitioner's receipt of the notice of deficiency for 1992 and 1993 would appear to preclude petitioner from challenging in the collection hearing and in this case his 1992 and 1993 Federal income tax liabilities.  Petitioner, however, argues that the notice of deficiency relating to 1992 and 1993 issued by respondent was invalid on its face because the notice of deficiency was based on third-party information returns and Bureau of Labor Statistics figures.  Petitioner argues that, if the notice of deficiency was invalid, the Tax Court would not have had jurisdiction to redetermine the deficiencies determined by respondent, and thus that petitioner, in fact, did not have an opportunity to challenge his 1992 and 1993 tax liabilities.

We reject petitioner's argument.  A notice of deficiency may be treated as invalid where the face of the notice of deficiency itself establishes that respondent did not consider information that relates to a particular taxpayer and therefore did not actually make a determination.  Scar v. Commissioner, 814 F.2d 1363, 1367-1369 (9th Cir. 1987), revg. 81 T.C. 855 (1983).

A deficiency determination, however, made by respondent based on third-party information returns and statistical information relating to the taxpayer, as is the case herein, is a

sufficient determination to make the related notice of deficiency valid.  <u>Palmer v IRS</u>, 116 F.3d 1309, 1313-1314 (9th Cir. 1997).

Because petitioner received a valid notice of deficiency relating to 1992 and 1993, he is precluded under section 6330(c)(2)(B) from now challenging his 1992 and 1993 Federal income tax liabilities.

In the collection hearing, petitioner also contested the validity of the assessments.  Petitioner's arguments, however, were based upon frivolous arguments that have been uniformly rejected by this and other courts and do not merit discussion.

Because petitioner did not present to respondent's Appeals Office collection alternatives and only advanced frivolous reasons why the proposed levy is inappropriate, we conclude that respondent's Appeals Office did not abuse its discretion in issuing the notice of determination sustaining respondent's levy notice.

For the reasons stated, we shall deny petitioner's motion for summary judgment and grant respondent's motion for summary judgment.

To reflect the foregoing,

<u>An appropriate order and decision will be entered for respondent</u>.