T.C. Memo. 2007-332

UNITED STATES TAX COURT

CHARLES MANDEVILLE, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 6366-05.                    Filed November 5, 2007.

    P failed to file Federal income tax returns for
1998, 2000, 2001, 2002, and 2003.  R determined
deficiencies and additions to tax pursuant to secs.
6651(a)(1) and 6654(a), I.R.C.

    <u>Held</u>:  P is liable for the deficiencies determined
by R and additions to tax pursuant to secs. 6651(a)(1)
and 6654(a), I.R.C.


Charles Mandeville, pro se.

<u>Douglas S. Polsky</u>, for respondent.

MEMORANDUM FINDINGS OF FACT AND OPINION

WHERRY, Judge: This case is before the Court on a petition
for judicial review of five separate notices of deficiency in
which respondent determined the following deficiencies and
additions to tax with respect to petitioner's Federal income
taxes for the taxable years and in the amounts as follows:[1]

|  |  | Additions to Tax | |
| Year | Deficiency | Sec. 6651(a)(1) | Sec. 6654(a) |
| 1998 | $874 | $156.50 |  |
| 2000 | 4,715 | 491 |  |
| 2001 | 12,991 | 3,247.75 | $519.15 |
| 2002 | 9,313 | 202.75 |  |
| 2003 | 11,679 | 655.25 |  |

The issues for decision are:

(1) Whether petitioner was required to file Federal income
tax returns and is liable for income tax deficiencies in
petitioner's 1998, 2000, 2001, 2002, and 2003 taxable years;

(2) whether petitioner was required to report $3,839.23 in
net short-term capital gain on the sale of stock in taxable year
2003;

(3) whether petitioner can claim a dependency exemption for
his wife for the 2000, 2002, and 2003 taxable years;

(4) whether petitioner is entitled to an education credit
under section 25A for the 2001 and 2002 taxable years or a

---

[1] The actual amount of the deficiencies remaining unpaid for
all the taxable years at issue except 2001 is significantly less
because a portion of the tax due had been withheld.

tuition and fees deduction under section 222 for the 2002 taxable year;[2]

(5) whether petitioner may deduct moving expenses for the 2001 and 2002 taxable years;

(6) whether petitioner is liable for additions to tax under section 6651(a)(1) in the amounts specified above for the 5 taxable years at issue;

(7) whether petitioner is liable for an addition to tax under section 6654(a) in the amount of $519.15 for the 2001 taxable year because he failed to pay estimated income tax; and

(8) whether petitioner is liable for a penalty under section 6673(a)(1).

## FINDINGS OF FACT

Some of the facts have been stipulated, and the stipulated facts and accompanying exhibits are hereby incorporated by reference into our findings. Some of the facts have been deemed established pursuant to Rule 90(c) and the Court's order under Rule 91(f) dated November 28, 2006. At the time he filed his petition, petitioner resided in Albuquerque, New Mexico.

---

[2] Unless otherwise indicated, all section references are to the Internal Revenue Code of 1986, as amended and in effect for the taxable years at issue. The Rule references are to the Tax Court Rules of Practice and Procedure.

Petitioner concedes that he failed to file Federal income tax returns for the 1998, 2000, 2001, 2002, and 2003 taxable years.

In 1998, petitioner was employed by Scientemps, Inc., Intor, Inc., and the New Mexico Institute of Mining Technology, and received wages totaling $8,130, $1,901, and $2,760, respectively. The New Mexico Institute of Mining Technology withheld $248 in Federal income tax.

In 2000, petitioner was employed by Sinaf Products, Inc., and Intel Corporation and received wages totaling $903 and $35,343, respectively. Sinaf Products, Inc., and Intel Corporation withheld $7 and $2,744 in Federal income tax, respectively.

In 2001, petitioner was employed by Intel Corporation and received $68,066 in wages. The record in this case does not reflect any withholding of Federal Income tax from petitioner's wages by Intel Corporation during 2001. That year, petitioner also received $2 in ordinary dividends from UBS Painewebber, Inc.

In 2002, petitioner was employed by Intel Corporation and received $55,718 in wages; Intel withheld $8,502 in Federal income tax. That year, petitioner also received $22 in ordinary dividends from UBS Painewebber, Inc.

In 2003, petitioner was employed by Intel Corporation and received $56,834 in wages. From that amount, Intel Corporation

withheld $9,058 in Federal income tax. That year, petitioner also sold stock in Intel Corporation for $10,416.85 in gross proceeds. His basis in the stock sold was $6,577.62, resulting in a net short-term capital gain of $3,839.23. Petitioner also received $36.88 in ordinary dividends from UBS Painewebber, Inc.

Petitioner had single filing status for the 1998 taxable year and married filing separate status for the 2000-2003 taxable years. Sometime in 2001 or 2002, petitioner and his wife moved from New Mexico to Oregon and then back to New Mexico.

Respondent issued the aforementioned notices of deficiency. Petitioner then filed a timely petition with this Court. A trial was held on November 28, 2006, in Albuquerque, New Mexico.

OPINION

I. Parties' Contentions

Petitioner asserts that the burden of proving that he had unreported income tax is on respondent and that respondent has failed to meet that burden in this case. According to petitioner, he is entitled to dependency exemptions for his wife for the 2000, 2002, and 2003 taxable years, education credits or a deduction for tuition and fees for the 2001 and 2002 taxable years, and a moving expense deduction for the 2001 and 2002 taxable years. Petitioner also asserts that respondent has not met the burden of production regarding the additions to tax under sections 6651(a)(1) and 6654(a).

Respondent argues that petitioner was required to file Federal income tax returns for the 5 taxable years at issue and that petitioner is liable for deficiencies for each of those years. Respondent asserts that petitioner was required to report the short-term capital gain from his sale of Intel Corporation stock in 2003. Respondent next claims that petitioner is not entitled to dependency exemptions for his wife for the 2000, 2002, and 2003 taxable years because petitioner has provided no evidence that his wife was dependent on him. With respect to education credits or a deduction for tuition and fees, respondent's position is that petitioner has failed to substantiate that any qualified tuition and related expenses were paid by him. Regarding the claimed moving expense deduction, respondent concedes that petitioner and his wife moved from Oregon to New Mexico but argues that it is not clear when the move occurred and that only petitioner's self-serving testimony supports petitioner's assertion that the move was work related.

Turning to additions to tax, respondent contends that petitioner is liable for additions to tax under section 6651(a)(1) for the 5 taxable years at issue because there is no dispute that petitioner failed to file Federal income tax returns for those years and petitioner has failed to demonstrate reasonable cause for such action. Respondent also contends that

petitioner is liable for an addition to tax under section 6654(a) for failing to pay estimated tax in 2001.

At the conclusion of the trial, respondent filed a motion for sanctions pursuant to section 6673. In his brief, respondent reiterates his position that petitioner's positions are frivolous and groundless and that the Court should impose sanctions.

II. Filing Requirement/Deficiencies

The law imposes a Federal tax on the taxable income of every individual. Sec. 1. Gross income for the purpose of calculating taxable income is defined as "all income from whatever source derived". Sec. 61(a). Section 6012(a) requires a taxpayer to file a tax return in each taxable year in which that taxpayer's gross income exceeds a certain threshold amount.[3] In this case, petitioner's gross income exceeded the filing threshold for each of the 5 taxable years at issue.[4] As a result, petitioner was required to file a Federal income tax return for each of the 5 taxable years at issue. Petitioner's arguments to the contrary are incomprehensible and frivolous.

---

[3] That threshold amount is generally equal to the sum of the exemption amount and the applicable standard deduction. Sec. 6012(a)(1)(A).

[4] Petitioner had single filing status for the 1998 taxable year and married filing separate status for the 2000-2003 taxable years. Thus, the relevant threshold amounts in this case are $6,950, $2,800, $2,900, $3,000, and $3,050, respectively.

With respect to the deficiencies determined by respondent, the Court notes that, as a general rule, the Commissioner's determination of a taxpayer's liability for an income tax deficiency is presumed correct, and the taxpayer bears the burden of proving that the determination is improper. See Rule 142(a); Welch v. Helvering, 290 U.S. 111, 115 (1933). Thus, petitioner is incorrect that respondent bears the burden of proving the existence of income tax deficiencies.[5] Moreover, petitioner has failed to demonstrate that any of the determined deficiencies are improper.

III.  Dependency Exemptions

Tax exemptions and deductions are a matter of legislative grace. See Indep. Co-op Milk Producers Association v. Commissioner, 76 T.C. 1001, 1014 (1981) ("Whether * * * categorized as exclusions or deductions * * * it is axiomatic that such provisions are a matter of legislative grace and must be strictly construed."). The taxpayer bears the burden of proving entitlement to any claimed exemptions or deductions; the

---

[5] In light of the fact that this case involves unreported income, to the extent that respondent may bear some burden to show a minimal evidentiary foundation for the asserted deficiencies, respondent has done so because petitioner has stipulated the amounts of unreported salary and dividend income for the taxable years at issue. See Senter v. Commissioner, T.C. Memo. 1995-311. Although petitioner did not stipulate the amount of unreported income (short-term capital gain) resulting from his sale of Intel Corporation stock in 2003, that amount is evidenced by third-party records submitted by respondent as an exhibit in this case.

taxpayer's burden includes the burden of substantiation. Hradesky v. Commissioner, 65 T.C. 87, 89-90 (1975), affd. per curiam 540 F.2d 821 (5th Cir. 1976). Although section 7491(a) may shift the burden of proof to the Commissioner in specified circumstances, petitioner has not established that he meets the requisites under section 7491(a)(1) and (2) for such a shift.

Section 151(b) provides a taxpayer with an exemption for a spouse if the taxpayer and the spouse do not file a joint return, and the spouse had no gross income and is not dependent on another taxpayer during the calendar year in which the taxpayer's tax year began. In this case, petitioner asserts that he is entitled to an exemption for his wife for the 2000, 2002, and 2003 taxable years because there is no evidence that his wife had gross income or was someone else's dependent for any of those years. Petitioner's position distorts the relevant burdens of proof and substantiation. As noted, because the relevant burdens of proof and substantiation are on petitioner, no evidence on the relevant issues means that petitioner loses, not that he wins. Because there is no evidence regarding petitioner's wife's dependency and income in 2000, 2002, and 2003, petitioner has not shown entitlement to a dependency exemption for his wife in any of those taxable years. See Brunner v. Commissioner, T.C. Memo. 2004-187, affd. 142 Fed. Appx. 53 (3d Cir. 2005).

IV.  Education Credit/Tuition and Fees Deduction

For qualifying individuals, section 25A allows credits[6] against tax for qualified tuition and related expenses paid by the taxpayer during the taxable year.  Section 222(a) allows a taxpayer to deduct an amount equal to qualified tuition and related expenses paid by the taxpayer during the taxable year.[7]

Although petitioner asserts that he is entitled to education credits and/or deductions for his wife's education expenses that were incurred in 2001 and 2002, he has failed to substantiate that assertion.  While petitioner has provided credit card statements dated in 2001 and 2002 reflecting various charges that appear to have been made to educational institutions, petitioner has not shown with any particularity what those charges were for, who they were made with respect to, and, perhaps most importantly, who made them.[8]  Petitioner has therefore failed to demonstrate entitlement to education credits and/or a deduction for tuition and fees for the 2001 and 2002 taxable years.

---

[6] These credits are called the Hope Scholarship Credit and the Lifetime Learning Credit.  Both are subject to multiple conditions and limitations that need not be discussed in this opinion.

[7] The deduction is also subject to conditions and limitations that need not be discussed in this opinion.

[8]  The credit card statements provided by petitioner do not contain a name, and petitioner has provided no basis for linking the credit card to him.  In fact, at trial, petitioner admitted that the credit card belonged to his wife.

## V. Moving Expenses Deduction

Under section 217, subject to certain conditions, a taxpayer can deduct moving expenses incurred during a taxable year in connection with the commencement of work by the taxpayer as an employee or as a self-employed individual at a new principal place of work.

In this case, petitioner contends that he is entitled to a deduction for the 2001 and 2002 taxable years for moving expenses incurred when he and his wife moved from Oregon to New Mexico. Although, at some point, petitioner appears to have moved from Oregon to New Mexico, it is unclear whether that move actually occurred in 2001 or 2002.[9] It is also unclear whether it was petitioner or his wife that actually incurred the moving expenses.[10] Most importantly, petitioner has provided no evidence, aside from his own unsupported statement at trial, that his move was work related. Consequently, petitioner has failed to demonstrate entitlement to a moving expenses deduction for the 2001 and 2002 taxable years.

---

[9] Petitioner has provided receipts dated in 2001 and 2002 regarding his move, apparently from New Mexico to Oregon for a temporary work assignment and then back to New Mexico.

[10] As was noted with respect to the education-expenses issue, it appears that the credit card statements provided by petitioner relate to his wife.

VI.  Additions to Tax

A.    Respondent's Burden of Production

Under section 7491(c), respondent bears the burden of production with respect to a taxpayer's liability for penalties or additions to tax.  This means that respondent must "come forward with sufficient evidence indicating that it is appropriate to impose the relevant penalty."  Higbee v. Commissioner, 116 T.C. 438, 446 (2001).  In instances where an exception to the penalty or addition to tax is afforded upon a showing of reasonable cause, the taxpayer bears the burden of demonstrating such cause.  Id. at 446-447.

B.  Section 6651(a)(1) Addition to Tax

Section 6651(a)(1) imposes an addition to tax for failure to file a timely return unless it is shown that such failure is due to reasonable cause and not to willful neglect. "Reasonable cause" is described by the applicable regulations as the exercise of "ordinary business care and prudence".  Sec. 301.6651-1(c)(1), Proced. & Admin. Regs.; see also United States v. Boyle, 469 U.S. 241, 246 (1985).  "[W]illful neglect" is interpreted as a "conscious, intentional failure or reckless indifference." United States v. Boyle, supra at 245.

Here, respondent has met the burden of production because the Court has found that petitioner failed to file a Federal income tax return for 1998, 2000, 2001, 2002, and 2003.

Petitioner has not presented any evidence to suggest that his failure to file was due to reasonable cause. In fact, his sole argument is a terse assertion that respondent failed to meet the burden of production. Petitioner is incorrect. Consequently, the Court sustains respondent's imposition of an addition to tax pursuant to section 6651(a)(1).

C. Section 6654(a) Addition to Tax

Section 6654(a) imposes an addition to tax for underpayment of estimated income tax by an individual taxpayer. That addition to tax, asserted by respondent only with respect to the 2001 taxable year, is computed by reference to four required installment payments of the taxpayer's estimated tax liability, each constituting 25 percent of the "required annual payment." Sec. 6654(d)(1)(A). For taxpayers whose adjusted gross income for the preceding year was $150,000 or less, the "required annual payment" is equal to the lesser of (1) 90 percent of the tax shown on the individual's return for the year or, if no return is filed, 90 percent of his or her tax for such year, or (2) if the individual filed a return for the immediately preceding taxable year, 100 percent of the tax shown on that return. Sec. 6654(d)(1)(A), (B)(i) and (ii).

Here, petitioner failed to file a 2001 Federal income tax return and made no estimated tax payments for 2001. Petitioner also failed to file a 2000 Federal income tax return. Because

petitioner did not file a return for the preceding taxable year, 2000, respondent has met his burden of producing evidence that petitioner had a required annual payment of estimated tax for 2001 payable in four installments under section 6654(d)(1)(B)(i) and the Court need not engage in any analysis under section 6654(d)(1)(B)(ii).

The Court also concludes that petitioner does not fit within any of the exceptions listed in section 6654(e).[11]  As a consequence, the Court sustains respondent's determination of the addition to tax pursuant to section 6654(a).

D.  Section 6673(a)(1) Penalty

Section 6673(a)(1) authorizes the Tax Court to impose a penalty not in excess of $25,000 on a taxpayer for proceedings instituted primarily for delay or in which the taxpayer's position is frivolous or groundless.  "A position maintained by the taxpayer is 'frivolous' where it is 'contrary to established

---

[11] Sec. 6654(e) provides two exceptions to the sec. 6654(a) addition to tax.  First, the addition is not applicable if the tax shown on the taxpayer's return for the year in question (or, if no return is filed, the taxpayer's tax for that year), reduced for these purposes by any allowable credit for wage withholding, is less than $1,000.  Sec. 6654(e)(1).  Second, the addition is not applicable if the taxpayer's tax for the full 12 month preceding taxable year was zero and the taxpayer was a citizen or resident of the United States.  Sec. 6654(e)(2).  The Court has determined that petitioner had a liability for a Federal income tax deficiency for 2001 that net of withholding exceeds $1,000.  And, in light of our earlier conclusion regarding petitioner's liability for a deficiency for 2000, it has not been shown that petitioner had no tax liability in 2000.

law and unsupported by a reasoned, colorable argument for change in the law.'"  Williams v. Commissioner, 114 T.C. 136, 144 (2000) (quoting Coleman v. Commissioner, 791 F.2d 68, 71 (7th Cir. 1986)).

Respondent, by motion, has asked the Court to impose a penalty under section 6673(a)(1).  Because some of the issues raised by petitioner, including his entitlement to dependency exemptions, education credits/a deduction for tuition and fees, and a moving expense deduction were not frivolous, we afford petitioner the benefit of the doubt and do not impose a penalty under section 6673(a)(1).  Petitioner is warned, however, that the Court may not be so inclined should he return to the Court and advance arguments as groundless as some of the other arguments advanced in this case.

The Court has considered all of petitioner's contentions, arguments, requests, and statements.  To the extent not discussed herein, we conclude that they are meritless, moot, or irrelevant.

To reflect the foregoing,

An appropriate order and
decision will be entered.