T.C. Memo. 2010-258

UNITED STATES TAX COURT

JOHN LASZLOFFY, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 8015-09.              Filed November 24, 2010.

John Laszloffy, pro se.

<u>Erin K. Salel</u>, for respondent.

MEMORANDUM FINDINGS OF FACT AND OPINION

VASQUEZ, <u>Judge</u>:  Respondent determined the following
deficiencies in and additions to petitioner's Federal income tax:

|      |            | Additions to Tax   |                    |               |
| Year | Deficiency | Sec. 6651(a)(1)    | Sec. 6651(a)(2)    | Sec. 6654(a)  |
|------|------------|--------------------|--------------------|---------------|
| 2004 | $4,966     | $1,117.35          | $1,067.69          | $142.29       |
| 2005 | 6,330      | 1,424.25           | 981.15             | 253.90        |
| 2006 | 4,477      | 1,007.33           | 425.32             | 211.85        |

The issues for decision are: (1) Whether petitioner received taxable income in 2004, 2005, and 2006; (2) whether petitioner is liable for self-employment taxes for 2004, 2005, and 2006; (3) whether petitioner is liable for additions to tax under section 6651(a)(1)[1] for failure to timely file his 2004, 2005, and 2006 Federal income tax returns; (4) whether petitioner is liable for additions to tax under section 6651(a)(2) for failure to timely pay his 2004, 2005, and 2006 Federal income taxes; (5) whether petitioner is liable for additions to tax under section 6654(a) for failure to make estimated tax payments for 2004, 2005, and 2006; and (6) whether the Court should impose on petitioner a penalty under section 6673(a)(1) for advancing frivolous arguments.

                         FINDINGS OF FACT

The facts have been deemed stipulated under Rule 91(f) and are so found.[2] The stipulated facts and accompanying exhibits

---

[1] Unless otherwise indicated, all section references are to the Internal Revenue Code of 1986, as in effect for the years in issue, and all Rule references are to the Tax Court Rules of Practice and Procedure.

[2] Under Rule 91(f), respondent moved the Court to issue an order requiring petitioner to show cause why the facts and
(continued...)

are incorporated herein by this reference.  Petitioner resided in California at the time the petition was filed.

Petitioner failed to file Federal income tax returns for 2004, 2005, and 2006.  During this period petitioner, doing business as JL Masonry, completed construction and/or masonry projects for Hal Hays Construction, Inc., Striano Construction Co., and Joshua Bailey Construction (the companies).  The companies filed Forms 1099-MISC, Miscellaneous Income, with respondent reporting the following amounts paid to petitioner:

| Year | Hal Hays | Striano | Joshua Bailey |
|------|----------|---------|---------------|
| 2004 | $18,963 | $4,250 | -0- |
| 2005 | -0- | 26,795 | $1,450 |
| 2006 | 21,808 | -0- | -0- |

Petitioner does not dispute receiving these payments.[3] Pursuant to section 6020(b)(1) respondent executed substitutes for returns for the years at issue using the Forms 1099-MISC

---

[2](...continued)
evidence set forth in respondent's proposed stipulations of facts should not be accepted as established for the purposes of this case.  The Court granted respondent's motion and ordered petitioner to file a response in compliance with Rule 91(f)(2). Although petitioner timely filed his response, the Court found it evasive and not fairly directed to respondent's proposed stipulations of fact, and as a result, the Court ordered that pars. 1 through 32 of the proposed stipulations are deemed established for purposes of this case.

[3] At trial petitioner invoked the Fifth Amendment when respondent and the Court questioned him about his income-producing activities during the years at issue.

filed by the companies.[4]  Respondent issued three separate notices of deficiency to petitioner in which he determined the above Federal income tax deficiencies and additions to tax, and petitioner filed a timely petition with the Court challenging respondent's determinations for all 3 years.

Petitioner has sent respondent volumes of correspondence throughout the proceeding.  Therein petitioner asserts, among other arguments, that:  (1) Federal law is inapplicable to him; (2) he is not a Federal taxpayer obligated to pay Federal income tax; and (3) the Federal income tax system is purely voluntary. Petitioner also alleges that respondent acted fraudulently.

Respondent advised petitioner that his arguments were frivolous and could result in a penalty under section 6673,[5] but petitioner continued to make the same arguments in his pretrial memorandum and at trial.  At trial the Court warned petitioner that his arguments were frivolous and should not be placed in his posttrial brief.  However, petitioner disregarded the Court's warning and asserted the same frivolous arguments.

This is not the first time petitioner has made frivolous arguments in this Court.  In 1993 petitioner challenged

---

[4]  The substitutes for returns meet the requirements of sec. 6020(b).

[5]  Sec. 6673(a)(1)(B) provides that the Court may require a taxpayer to pay a penalty if the taxpayer's position in the proceeding is frivolous or groundless.

respondent's deficiency determinations for tax years 1984, 1985, 1988, and 1989 that resulted from petitioner's failure to file Federal income tax returns. Laszloffy v. Commissioner, docket No. 2687-93. At the calendar call preceding the trial date the Court warned petitioner that he would be subject to a penalty if he continued to advance frivolous arguments. On March 9, 1994, the Court entered an order of dismissal for lack of prosecution because petitioner failed to appear at trial.[6]

In Laszloffy v. Commissioner, T.C. Memo. 2007-31, affd. 297 Fed. Appx. 628 (9th Cir. 2008), the Court granted summary judgment for respondent after petitioner challenged respondent's Appeals Office's determination to proceed with a proposed levy action against petitioner's property related to tax years 1992 and 1993. As in the current case, petitioner had failed to file Federal income tax returns for the years at issue and was warned by the Court that he was asserting frivolous arguments.[7]

---

[6] No penalty under sec. 6673(a)(1) was imposed.

[7] In Laszloffy v. Commissioner, T.C. Memo. 2007-31, affd. 297 Fed. Appx. 628 (9th Cir. 2008), petitioner argued, among other things, that he "is not a taxpayer within the purview of the Internal Revenue Code" and "is not located in any area of jurisdiction subject to the United States Congress".

OPINION

I.  Deficiency Determinations

    A.  Receipt of Unreported Taxable Income

Generally, the Commissioner's determination of a deficiency is presumed correct, and the taxpayer has the burden of proving it wrong.  Rule 142(a); Welch v. Helvering, 290 U.S. 111, 115 (1933).  However, in an unreported income case appealable to the Court of Appeals for the Ninth Circuit, such as this one, the presumption of correctness does not attach unless the Commissioner first establishes some evidentiary foundation linking the taxpayer with the alleged income-producing activity. See Weimerskirch v. Commissioner, 596 F.2d 358 (9th Cir. 1979), revg. 67 T.C. 672 (1977); Golsen v. Commissioner, 54 T.C. 742, 756-757 (1970), affd. 445 F.2d 985 (10th Cir. 1971); Rodriguez v. Commissioner, T.C. Memo. 2009-92.  If respondent meets his burden of connecting petitioner with the income determined in the statutory notice of deficiency, the burden then shifts to petitioner to prove that respondent's determination is erroneous.[8]  See George v. Commissioner, T.C. Memo. 2002-163.

Respondent has established a sufficient evidentiary foundation linking petitioner with the income determined in the

---

[8] Petitioner has neither claimed nor shown that he satisfied the requirements of sec. 7491(a) to shift the burden of proof to respondent with regard to any factual issue affecting the deficiencies in his tax.

notices of deficiency; i.e., the stipulations of fact establish that petitioner received the unreported income as determined in the notices of deficiency. See Mandeville v. Commissioner, T.C. Memo. 2007-332 (finding taxpayer's stipulation as to receipt of unreported income sufficient to attach presumption of correctness to notices of deficiency). Consequently, respondent has met his burden of connecting petitioner with the income determined in the notices of deficiency and respondent's deficiency determinations are presumed to be correct.

Petitioner presented no evidence that respondent erroneously determined the amounts of taxable income petitioner received in 2004, 2005, and 2006. When asked about his income-producing activities during the years at issue petitioner invoked the Fifth Amendment. Accordingly, we sustain respondent's determinations regarding the amounts of taxable income petitioner received in 2004, 2005, and 2006.

B. Self-Employment Taxes

Section 1401 imposes self-employment tax on self-employment income. Section 1402 defines net earnings from self-employment as the gross income derived by an individual from the carrying on of any trade or business by such individual less allowable deductions attributable to such trade or business.

Respondent determined that petitioner's income during 2004, 2005, and 2006 is subject to self-employment tax. Petitioner

presented no evidence that respondent's determinations are erroneous. Petitioner did business as JL Masonry, and the income he received was classified as nonemployee compensation on the Forms 1099-MISC filed by the companies. Accordingly, we sustain respondent's determinations regarding petitioner's liability for self-employment taxes for 2004, 2005, and 2006.

II. Additions to Tax

A. Burden of Proof and Production

Section 7491(c) provides that the Commissioner will bear the burden of production with respect to the liability of any individual for additions to tax. "The Commissioner's burden of production under section 7491(c) is to produce evidence that it is appropriate to impose the relevant penalty, addition to tax, or additional amount". Swain v. Commissioner, 118 T.C. 358, 363 (2002); see also Higbee v. Commissioner, 116 T.C. 438, 446 (2001). If a taxpayer files a petition alleging some error in the determination of an addition to tax or penalty, the taxpayer's challenge will succeed unless the Commissioner produces evidence that the addition to tax or penalty is appropriate. Swain v. Commissioner, supra at 363-365. The Commissioner, however, does not have the obligation to introduce evidence regarding reasonable cause. Higbee v. Commissioner, supra at 446-447.

B. Section 6651(a)(1)

Section 6651(a)(1) imposes an addition to tax for failure to file a return on the date prescribed (determined with regard to any extension of time for filing), unless the taxpayer can establish that such failure is due to reasonable cause and not willful neglect.

Petitioner failed to file Federal income tax returns for the years at issue. The Court finds respondent has met his burden of production with regard to the additions to tax under section 6651(a)(1). Petitioner has presented no evidence indicating his failures to file were due to reasonable cause and not willful neglect or that respondent's determinations are otherwise incorrect. Accordingly, petitioner is liable for additions to tax under section 6651(a)(1) for 2004, 2005, and 2006 as respondent determined.

C. Section 6651(a)(2)

Section 6651(a)(2) imposes an addition to tax for failure to timely pay the amount shown as tax on a return, unless the taxpayer can establish that such failure is due to reasonable cause and not willful neglect.

The Commissioner's burden of production requires him to introduce evidence that the tax was shown on a Federal income tax return. Cabirac v. Commissioner, 120 T.C. 163 (2003). When a taxpayer has not filed a return, the section 6651(a)(2) addition

to tax may not be imposed unless the Secretary has prepared a substitute for return that meets the requirements of section 6020(b). Wheeler v. Commissioner, 127 T.C. 200, 208-209 (2006), affd. 521 F.3d 1289 (10th Cir. 2008).

Petitioner failed to make income tax payments for the years at issue. Respondent introduced into evidence valid substitutes for returns for the years at issue, thereby satisfying his burden of production. Petitioner has presented no evidence indicating that his failures to pay were due to reasonable cause and not willful neglect or that respondent's determinations are otherwise incorrect. We therefore hold that petitioner is liable for the additions to tax under section 6651(a)(2) for 2004, 2005, and 2006 as respondent determined.

D. Section 6654(a)

Section 6654(a) imposes an addition to tax "in the case of any underpayment of estimated tax by an individual". A taxpayer has an obligation to pay estimated tax for a particular year only if he has a "required annual payment" for that year. Sec. 6654(d). A required annual payment generally is equal to the lesser of (1) 90 percent of the tax shown on the return for the taxable year (or, if no return is filed, 90 percent of the tax for such year), or (2) if the individual filed a return for the immediately preceding taxable year, 100 percent of the tax shown on that return. Sec. 6654(d)(1)(B); Wheeler v. Commissioner,

supra at 210-211; Heers v. Commissioner, T.C. Memo. 2007-10. Respondent's burden of production under section 7491(c) requires him to produce evidence that petitioner had required annual payments for 2004, 2005, and 2006 under section 6654(d).

Petitioner made no payments of estimated tax for any of the years 2004 through 2006. The record establishes that petitioner had a required annual payment for each of those years. Petitioner did not file Federal income tax returns for tax years 2003 through 2006. Thus, petitioner's required annual payment for each year at issue was equal to 90 percent of the tax for that year, and respondent has carried his burden of production with respect to the section 6654 additions to tax for the years at issue.

Petitioner has not argued that any of the exceptions to the section 6654 addition applies. We therefore hold that petitioner is liable for the additions to tax under section 6654 for 2004, 2005, and 2006 as respondent determined.

III. Penalty Under Section 6673

Respondent moved the Court to impose a penalty on petitioner under section 6673(a)(1). Section 6673(a)(1) authorizes the Court to impose a penalty not to exceed $25,000 if the taxpayer took frivolous positions in the proceeding or instituted the proceeding primarily for delay.

A position "is frivolous if it is contrary to established law and unsupported by a reasoned, colorable argument for change in the law." Coleman v. Commissioner, 791 F.2d 68, 71 (7th Cir. 1986). This Court has ruled that arguments such as those petitioner asserts here are frivolous and wholly without merit. See Williams v. Commissioner, T.C. Memo. 1999-277 (imposing section 6673 penalty for tax-protester arguments).

In addition, petitioner has advanced frivolous arguments before the Court on two prior occasions. Section 6673 "was intended to apply to situations where a taxpayer repeatedly brings the same appeal * * * after having been informed that his basis * * * is groundless." Greenberg v. Commissioner, 73 T.C. 806, 814 (1980). In Laszloffy v. Commissioner, docket No. 2687-93, the Court warned petitioner that his arguments were frivolous and would result in the imposition of a penalty if he continued to raise them. In Laszloffy v. Commissioner, T.C. Memo. 2007-31, the Court again advised petitioner that many of his arguments were frivolous.

Accordingly, we shall grant respondent's motion and require petitioner to pay a penalty of $2,500 to the United States pursuant to section 6673(a)(1). We also warn petitioner that we will consider imposing a larger penalty if he returns to the

Court and advances frivolous or groundless arguments in the future.

To reflect the foregoing,

An appropriate order and decision will be entered.