T.C. Summary Opinion 2021-37

UNITED STATES TAX COURT

FORREST CRAWLEY AND SHAWNA CRAWLEY, Petitioners <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 8246-17S.                    Filed November 16, 2021.

Forrest Crawley and Shawna Crawley, pro sese.

<u>Christopher Bradley</u> and Caitlin O'Riordan (student), for respondent.

SUMMARY OPINION

WELLS, <u>Judge</u>:  This case was heard pursuant to the provisions of section

7463 of the Internal Revenue Code in effect when the petition was filed.[1]  Pursuant

---

[1] Unless otherwise indicated, section references are to the Internal Revenue Code of 1986, as amended and in effect for the year in issue.  Rule references are to the Tax Court Rules of Practice and Procedures.

to section 7463(b), the decision to be entered is not reviewable by any other court, and this opinion shall not be treated as precedent for any other case. After concessions,[2] the remaining issue is whether petitioners are entitled to deduct $26,439 in moving expenses on their 2015 Form 1040, U.S. Individual Income Tax Return.

## Background

When they timely filed the petition, petitioners resided in Georgia. The stipulation of facts and attached exhibits are incorporated herein by this reference.

Petitioner wife in 2015 began working as a UPS Training & Development Manager in Pennsylvania. Sometime between November 16 and December 1, 2015, she transferred to a workplace in the Atlanta, Georgia, metropolitan area. Petitioner wife's position changed to "Assistant Center Manager" in Atlanta on December 7, 2015. Petitioner wife remained at UPS during 2016 and 2017.

Petitioner wife first moved by herself to a recreational vehicle (RV) park in Atlanta and lived in the family's 33-foot RV camper. Petitioners paid various RV-related charges in both Branchville, New Jersey, and McDonough, Georgia. Two of these charges were for $530 each paid to Atlanta South RV Park in McDonough

---

[2] Respondent concedes that petitioners are not liable for a penalty pursuant to sec. 6662.

on November 28 and December 28, 2015. An undated copy of prices for Atlanta South RV Park shows a monthly rate of $560 for the RV site. Petitioner husband stayed in Pennsylvania until their children finished school. Petitioners continued to incur charges during November and December 2015 in Pennsylvania and Georgia.

At the end of 2015 petitioners hired a "mom and pop" moving company to pack the contents of their 3,500-square-foot house, a boat, a four wheeler, four dirt bikes, three motorcycles, and two cars. Petitioners ultimately moved the bikes and the boat themselves. Petitioners chose the "mom and pop" moving company because it was the cheapest; they had priced a competitor, Mayflower, at roughly $30,000.

On November 23, 2015, petitioner wife sold $21,835 worth of UPS stock. Petitioners used the proceeds from this sale to fund their move. The proceeds were direct deposited into petitioners' bank accounts, from which petitioners made two cash withdrawals in $100 bill increments; the first withdrawal was around $12,000 and the second around $8,000. Petitioners used cash to pay the movers in full before the items were delivered in Georgia.

Petitioner husband and the children moved to Georgia in December 2015. At that point the family joined petitioner wife in the RV camper. Petitioners'

household items were delivered to a storage unit in Georgia in January 2016. Petitioners moved into a rental house, and then found a home to buy in spring 2016. In the multiple moves petitioners lost track of the records detailing their moving expenses. Petitioners instead submitted a 2018 internet article estimating that an interstate move costs between $2,000 and $5,000 for the transportation; plus 50 cents per pound; plus $25-$50 per hour per mover for packing and unpacking help.

Petitioners were still residing in their RV camper's temporary housing when they timely filed their 2015 income tax return and mistakenly listed their current address as the old Pennsylvania address where they resided before their move. On the return petitioners claimed a moving expense deduction of $26,439. Petitioners attached to their return Form 3903, Moving Expenses. The Form 3903 reports $25,000 for "transportation and storage of household goods and personal effects" expenses and $1,439 for "travel" expenses. The reported amounts represent the expense of moving the contents of their home plus mileage.

On February 21, 2017, respondent issued a notice of deficiency disallowing the claimed deduction for moving expenses. Computational adjustments were also made to petitioners' claimed student loan interest deduction, child tax credit, and adoption credit.

## Discussion

The Commissioner's determination of a taxpayer's liability in a notice of deficiency is presumed correct, and the taxpayer bears the burden of proving that the determination is incorrect. Rule 142(a); Welch v. Helvering, 290 U.S. 111, 115 (1933). Because respondent has conceded that petitioners are not liable for an accuracy-related penalty, we need not discuss the burden of production. See sec. 7491(a).

Section 217(a) allows as a deduction "moving expenses paid or incurred during the taxable year in connection with the commencement of work by the taxpayer as an employee or as a self-employed individual at a new principal place of work." Section 217(b) generally defines the term "moving expenses" as the reasonable expenses of moving household goods and personal effects from the former residence to the new residence and related travel, including lodging. See Work v. Commissioner, T.C. Memo. 2005-259. Tax deductions are a matter of legislative grace, and the taxpayer bears the burden of proving entitlement to any deduction claimed. Rule 142(a); INDOPCO, Inc. v. Commissioner, 503 U.S. 79, 84 (1992); New Colonial Ice Co. v. Helvering, 292 U.S. 435, 440 (1934).

We do not doubt that petitioners moved from Pennsylvania to Georgia because of petitioner wife's employment change. See Zilberberg v. Commissioner,

T.C. Memo. 2011-5.  But see Olagunju v. Commissioner, T.C. Memo. 2012-119; Mandeville v. Commissioner, T.C. Memo. 2007-332.  Petitioners have met their burden of showing that petitioner wife's new place of employment was "at least 50 miles farther from * * * [her] former residence than was * * * [her] former principal place of work".  See sec. 217(c)(1)(A).  Furthermore, there is sufficient evidence that petitioner wife continued to be employed full time in the new general location for at least 39 weeks "during the 12-month period immediately following * * * [her] arrival in the general location of * * * [her] new principal place of work".  See sec. 217(c)(2)(A).

Petitioners have less support to substantiate the cost of their move.  They could not recall the name of the "mom and pop" moving company they hired, nor did they submit receipts.  See Zilberberg v. Commissioner, T.C. Memo. 2011-5.  Petitioners did, however, submit credit card statements; a document showing liquidation of stock roughly matching the reported moving expense; and price listings for their temporary housing.  Petitioner husband further testified as to the precise months and sequence of their moves and their locations.  If a taxpayer establishes a deductible expense but is unable to substantiate the precise amount, we may, after "bearing heavily * * * upon the taxpayer whose inexactitude is of his own making", estimate the amount, provided we are convinced that the taxpayer

incurred such an expense and we have a basis upon which to make an estimate. Cohan v. Commissioner, 39 F.2d 540, 543-544 (2d Cir. 1930).

We decide, on the basis of the documents submitted and petitioner husband's testimony, that petitioners are entitled to deduct the following expenses: $20,000 for the "mom and pop" moving company; $1,439 for travel expenses; and $530 for lodging. These expenses represent the trip from the former residence to the new place of residence for petitioner wife and the rest of the household, despite their not traveling all at once. See sec. 1.217-2(b)(4), Income Tax Regs. In doing so, we recognize that even though petitioners failed to fully substantiate their claimed $26,439 moving expense deduction, they had to have paid expenses such as the cost of the movers, boxes, and gas in moving their personal property and various vehicles. See Cohan v. Commissioner, 39 F.2d at 543-544; see also Fogg v. Commissioner, 89 T.C. 310 (1987) (allowing deduction for the expense of moving a sailboat); Zilberberg v. Commissioner, T.C. Memo. 2011-5; Clark v. Commissioner, T.C. Memo. 1989-598 (allowing a $200 moving expense deduction when the taxpayer claimed $500 but provided no receipts), aff'd without published opinion, 951 F.2d 1258 (10th Cir. 1991). Petitioners' credit cards provide sufficient substantiation to prove the $530 expense for lodging. Petitioners' $1,439 cost for travel and gas is reasonable for their significant interstate move, which

included a boat and several motorcycles. Petitioner husband, who testified under oath and who we find credible, testified that petitioners withdrew $8,000 and $12,000 in cash to pay the "mom and pop" moving company. Petitioners substantiated the sale of stock that funded the withdrawals, and respondent has given us no reason to disbelieve petitioner husband's testimony. We give little weight to the article petitioners provided, but we do give it enough weight to corroborate that travel expenses below $2,000 and a cost of $20,000 to pack, move, and unload the contents of a 3,500-square-foot house, a boat, a four wheeler, four dirt bikes, three motorcycles, and two cars are reasonable.

Accordingly,

Decision will be entered under

Rule 155.